[No. 866.  Decided March 23, 1893.]

*In the Matter of the Estate of Lewis H. Eyres, Deceased:*
MARY M. BAKER *et al., Appellants,* v. JENNIE H. EYRES,
*Respondent.*

APPEAL NOTICE — TIME OF FILING AFTER SERVICE.

Appellant has no right to retain a notice of appeal after service upon respondent beyond a reasonable time, and a retention of the notice for a period of two months without filing will justify the dismissal of the appeal upon motion by the respondent, based upon a short record.

*Appeal from Superior Court, Lewis County.*

*Leroy A. Palmer,* for appellants.

*H. Julius Miller,* for respondent.

The opinion of the court was delivered by

STILES, J. — This is a motion to dismiss upon short record. In response to the motion to dismiss, the appellants showed that the judgment of the superior court was entered September 26, 1892; that they filed a bond on appeal October 22d, and notice of appeal November 2d, of the same year. The notice of appeal, after service upon the opposite party, was retained by the attorney for appellants, until January 11, 1893. On February 20th, no transcript having been filed in this court, the respondent filed a short record, and on the 2d day of March gave notice of motion to dismiss, by mail, returnable March 17th. On the 7th day of March the transcript was filed without any showing justifying the delay, except that the filing in this court occurred within sixty days after January 11th. It is claimed by the appellants that, inasmuch as the statute does not prescribe any time at which a notice of appeal shall be filed in the office of the clerk of the superior court, after having been served upon respondent, it was his discretion to retain it as long as he saw fit, provided that it be filed within six months from the date of the entry of the judgment. We cannot concede this proposition to be correct. The notice should be filed with the clerk within a reasonable time, and we find that, in this instance, upwards of two months was not a reasonable time. It is evident that the filing of the transcript on the 7th of March was due to the prompting of the notice to dismiss, and we think the motion should prevail. So ordered.

DUNBAR, C. J., and SCOTT and HOYT, JJ., concur.

ANDERS, J., not sitting.