(75 N. W. Rep. 789.)

---

THE MASSACHUSETTS LOAN & TRUST COMPANY *vs.* TREADWELL TWICHELL, *et al.*

Opinion filed May 10th, 1898.

### Bills and Notes—Bona Fide Holders—Evidence.

This action is upon a negotiable note, and plaintiff claims to be a good-faith purchaser thereof, for value, in due course, before maturity. Under the issues the plaintiff had the burden of showing that it was such. At the trial the note was put in evidence, and the same purported to be indorsed by the payee, by an attorney in fact of the payee. But no evidence was offered tending to show that the payee ever had an attorney in fact, or that the note was actually indorsed either by the purported attorney in fact, or by the payee, or at all. *Held*, that the note was not shown to have been indorsed by the payee at the time it was transferred to the plaintiff's vendor, or at any time, and, consequently, that the note came to the plaintiff as nonnegotiable paper, and as such subject to equities between the original parties. In view of the evidence, the plaintiff received the paper as unindorsed paper.

### Breach of Warranty and Failure of Consideration.

The action was against the makers of the note, and by their answer they pleaded failure of consideration, and also claimed damages for an alleged breach of warranty. Against objection, the trial court admitted testimony to sustain the defense set up in the answer. *Held*, that the evidence was properly admitted.

Appeal from District Court, Cass County; *McConnell*, J.

Action by the Massachusetts Loan & Trust Company against Treadwell Twichell and E. E. Redmon on a promissory note. Defendants had judgment, and plaintiff appeals.

Affirmed.

*Ball, Watson & Maclay*, for appellant.

*Newman & Spalding*, for respondents.

WALLIN, J.   This action is founded upon a promissory note. As a defense to the action, the answer alleges that the note was given without consideration, and that the defendants had suffered damages by the breach of a certain contract of warranty set out in the answer.   Against plaintiff's objection, the defendants were permitted to introduce evidence at the trial tending to support the defense pleaded in the answer.   The defendant's evidence was not contradicted by any evidence offered in plaintiff's behalf on the merits, and the result was that a judgment in favor of the defendants, dismissing the action, was entered in the court below.

The action is here for trial anew, and the principal question before this court is whether the evidence offered in support of the defense alleged in the answer is admissible under the rules of evidence.   It is admitted that defendants executed the note in question, and delivered the same to the payee.   The note is made payable to the order of one E. S. Brown, as receiver of the Northwestern Manufacturing & Car Company, a corporation organized under the laws of the State of Minnesota.   The complaint alleges that before the maturity of the note, said note, for a valuable consideration, was duly "sold, assigned, transferred, and set over" to another corporation organized under the laws of said state, viz. to the Minnesota Thresher Manufacturing Company.   The plaintiff is a corporation organized under the laws of the State of Massachusetts, and the complaint avers that at a date prior to the maturity of the note the said Minnesota Thresher Manufacturing Company assigned, transferred, and set over said note to the plaintiff in trust for certain purposes set out in the complaint. Plaintiff's contention is that under the law merchant . it occupies the position of a good faith purchaser of the note, in due course, for value, and consequently that it was entitled to recover upon the note, regardless of the defense pleaded in the answer.   For the purposes of the decision, we shall concede what the defendant's attorney strenuously denies,—that the contract between the plaintiff and its immediate vendor was of such a character as would, if the original transfer had been in due course, enable the

plaintiff to occupy the relation of a purchaser in due course. After this concession, we will consider the plaintiff's legal status with reference to the original transfer of the note from the payee thereof to the first purchaser.

The answer, after referring to the allegation of the complaint which states that the said note was "sold, assigned transferred, and set over" to the first indorsee, viz. the Minnesota Thresher Manufacting Company, proceeds to state that the "defendants have no information sufficient to form a belief, and therefore deny the same." This form of denial is not authorized by any provision of the Code, and hence does not operate as a denial. It fails to negative both knowledge and information, and hence does not conform to the statutory denial. Revised Codes, § 5273; *Russell & Co* v. *Amundson*, 4 N. D. 112, 59 N. W. Rep. 477; Phil. Code Pl. § 364, and authorities cited; *Id.* p. 366, note 1; 5 Enc. Pl. & Prac. p. 809. But issue is joined as to the transfer from the payee to the first indorsee in another part of the answer, which incorporates a general denial of all averments contained in the complaint not specifically admitted. This particular averment as to the first transfer of the note not being specifically admitted, the same stands as denied. The answer further alleges that, if the alleged first assignment of the note was ever made in fact, "it was not so assigned in good faith, and for a valuable consideration, or in due course of business." It appears, therefore, that the averments in the answer, considered together, squarely raise the issue, and apprise the plaintiff that it must assume the burden of showing at some stage of the trial that it received the note in good faith, for value, and in due course of business. At the trial of the action the plaintiff produced the note, and it was received in evidence. Indorsed upon the note were the following words: "Pay Minn. Thresher Mfg. Co. or order, without recourse. E. S. Brown, Receiver, per C. N. Stuart, Atty. in Fact." With respect to this indorsement the court below has certified as follows: "There was no evidence offered upon the trial of this case tending to show that the above indorsement, purporting to

be the indorsement of E. S. Brown, receiver, per C. N. Stuart, attorney in fact, was in fact the indorsement of said E. S. Brown, receiver, or that the note was ever indorsed by him in person, or by an attorney in fact, or at all." Upon this state of facts, the question is presented whether the original transfer of the note was actually made, for any purpose, and particularly whether such transfer was made in due course in accordance with the custom of merchants, or, on the other hand, whether the first purchaser of the note received the same as a mere chose in action, and not as a negotiable instrument free from all equities between original parties. The evidence shows the plaintiff produced the note at the trial, and also that plaintiff received the transfer and actual delivery of the note from the first purchaser. This evidence establishes, *prima facie*, that the title to the note had vested in the plaintiff prior to the commencement of the action, and, therefore, that the plaintiff was entitled to sue upon the note. The mere production of the note, coupled with the fact of offering the same in evidence, is some evidence of ownership. But the record shows conclusively that no evidence was offered at the trial tending to show that the payee, or his attorney in fact, if any he had, ever indorsed the note at any time, as a matter of fact. As has been seen, the plaintiff, in view of the defense established, had the burden of showing that he received the note in due course of business, free and clear of equities between original parties. This showing included, as an essential element, the indorsement of the note by the payee at the time it was transferred by him to the first purchaser. The writing on the back of the note purports to have been made by the attorney in fact of the payee, and yet there is no evidence in the case tending to show either that the payee had an attorney in fact, or that the note was indorsed by the attorney who purports to be such attorney in fact, or at all. This failure in the proof was fatal upon the vital point of the original transfer of the note in due course by the payee. For the purposes of the case, the note in plaintiff's hands is a purely nonnegotiable instrument, and of course, as

such, has none of the immunities peculiar to negotiable paper. It was therefore received by the plaintiff subject to equities between original parties. *Weber* v. *Orten*, 91 Mo. 677, 4 S. W. Rep. 271; *Blakely* v. *Grant*, 6 Mass. 385; *Spicer* v. *Smith*, 23 Mich. 96; *Keith* v. *Champer*, 69 Ind. 477; Rand. Com. Paper, § § 774, 775, 988, 989. See Daniel, Neg. Inst. § 664a. This precise question was before this court in *Vickery* v. *Burton*, 6 N. D. 245, 69 N. W. Rep. 193, which case is authority against the plaintiff in this action. We held in that case, as we must hold in this, that the plaintiff who claimed to be a good-faith purchaser in due course failed to show that he was such because his proof was not sufficient to show that the notes there in suit were indorsed by the payee at the time of their transfer to the plaintiff. Our conclusion is that under the issues and the evidence in this case the judgment entered in favor of the defendant herein was proper, and it will therefore be affirmed. All the judges concurring.