(78 N. W. Rep. 981.)

---

GEORGE STIERLEN *vs.* EMMA STIERLEN.

Opinion filed April 18, 1899.

**Appeal Statute Construed.**

Section 5215, Comp. Laws, and section 5606, Rev. Codes, construed.

**Notice of Appeal Must Be Served and Filed.**

*Held,* that, to take an appeal to this Court from an order or judgment of the District Court, in addition to serving a notice, it is essential that the notice should be filed with the clerk of the District Court within the time limited for taking an appeal.

**Purpose of Filing Notice of Appeal.**

*Held,* further, that the following language, "the appeal shall be deemed taken by the serving of the notice," must be construed to refer to both the filing and service, inasmuch as the filing constitutes a service of notice of the appeal upon the clerk.

**Omission to File Notice Fatal to Appeal.**

Accordingly, *held,* where a notice of appeal from an order was served upon the party within the statutory time for such service, but such

notice was not filed with the clerk of the District Court until after the expiration of the statutory period, that such omission was fatal to the appeal.

Appeal from District Court, Burleigh County; *Winchester, J.*

Action by George Stierlen against Emma Stierlen. From an order vacating judgment for plaintiff, he appeals.

Dismissed.

*Boucher, Philbrick & Cochrane (W. P. Miller,* of counsel), for appellant.

*Edward S. Allen* and *Eugene F. Burt (W. H. Barnett,* of counsel), for respondent.

WALLIN, J. In this action the trial court entered a judgment in plaintiff's favor for a divorce from the bonds of matrimony, on the 17th day of November, 1896. Subsequently, and after notice and a hearing in the trial court, that court entered an order vacating such judgment. Written notice of said order was served on counsel for the plaintiff on March 30, 1898. From the order vacating the judgment, plaintiff has attempted to appeal to this Court. Counsel for plaintiff, with that object in view, and within the time limited by statute, to-wit, on May 12, 1898, served on defendant's counsel a proper notice of appeal from said order; but counsel omitted to file such notice, or any notice of appeal, with the clerk of the District Court for Burleigh county within the statutory period of 60 days, and such notice was not filed with the clerk until July 23, 1898, at which date it was so filed. Upon the filing of said notice, the clerk of the District Court transmitted the record to this Court, and at a term of this Court, held at Fargo on March 28, 1899, the plaintiff, by his counsel, appeared and made application to this Court, under section 5606, Rev. Codes, for the settlement of a statement of the case, to be used in connection with such appeal. This application was opposed upon numerous grounds, none of which are now important, save one, which will be presently considered, and which we deem decisive of the case in this Court for jurisdictional reasons.

Defendant's counsel calls attention to the state of the appeal record, and contends that, inasmuch as no appeal is pending in this Court, this Court is without authority to settle a statement, or take any action whatever in the case. In our opinion, this contention must be sustained. We are of the opinion that the failure to file the notice of appeal with the clerk of the District Court, within the time fixed by statute for taking an appeal from an order of the District Court, is fatal to the appeal. After fixing a time within which the appeal must be taken (Rev. Codes, § 5605), the statute proceeds to point out the particular steps which are essential in taking an appeal to this Court from an order or judgment entered in the District Court. These steps are two in number. Section 5606 is as follows: "An appeal must be taken by serving a notice in writing, signed by the appellant or his attorney, on the adverse party, and filing the same

in the office of the clerk of the court in which the judgment or order appealed from is entered." It will be noticed that this statute nowhere declares that either one of these two prerequisite steps is more important than the other in the process of taking an appeal; nor is there an intimation in the statute that either the service or filing of the notice can be postponed, under any circumstances, to a date beyond the limit fixed by statute for taking an appeal. If the filing may be postponed, we are unable to see any sound reason why the service of the notice should not also be postponed, to meet the exigencies of cases. Questions of practical convenience cannot control the matter; but, if they could do so, we are inclined to think that notice to the clerk of taking an appeal is of as much practical importance as notice to the party. Until the clerk receives notice officially that an appeal is taken, he cannot safely proceed to perform his further duties with respect to the action. The statutory language which we have quoted is an innovation upon the pre-existing practice, made by the Revised Codes. Before being amended, the statute required two distinct services of the notice of appeal,—one, upon the party; the other, upon the clerk of the District Court. See Comp. Laws, § 5215. This Court has held, in accordance with the weight of authority, that under the original statute both services were essential, and one as much as the other. It has been held in Minnesota, however, under a similar statute, that a service upon the clerk could be accomplished by a mere filing of the notice with him, with proof of service upon the party. This ruling is tantamount to saying that the mere filing with the clerk was, in effect, a service upon the clerk. See *State* v. *Klitzke,* 46 Minn. 343, 49 N. W. Rep. 54.

It is manifestly true that filing the. notice of appeal with the clerk does practically operate to give that officer notice of the appeal. Keeping this fact in view, it is easily seen that the purpose of the amendment was not to do away with notice to the clerk, but was, on the contrary, to simplify the manner of such notice, and make it less cumbersome. The filing is a simple operation, and yet one which is equally effectual as notice with that of double service. It is clear to us, from the very wording of the amended part of the section, that such was the purpose of the legislature in amending the statute. It was to simplify notice to the clerk, and was not to abolish it altogether. The notice to the officer whose duty it is to send up the record is still essential, and as much so under the new statute as it was under the old. But, by some inadvertence, the remaining parts of the original section (Comp. Laws, § 5215) were left standing, and thereby an ambiguity is created in the section as it now reads. Between the new and the old parts of section 5606, Rev. Codes, there is at least an apparent conflict, in this: The amended part clearly declares that both a service and filing are essential to an appeal, while the remaining part of the section, not amended, declares that "the appeal shall be deemed taken by the service of a notice of the appeal," and in this immediate connection

there is no reference made to the vital matter of filing the notice with the clerk. Technically construed, there is a conflict between the two parts of the amended section; the former part making two acts essential to an appeal, while the latter seemingly requires but one. But, in view of the obvious legislative purpose in amending the statute, we deem it to be our duty to construe the word "service," as found in the line of the statute last above quoted, as equivalent in meaning to the words "service and filing." So construed, the language of the entire statute can be given effect, and, in our opinion, the purpose of the legislature is thereby fully accomplished. The word "service," last quoted, has a clear meaning as it stood in the original statute. It referred to service both upon the party and upon the clerk, and we think it should be given a similar meaning as it now stands. We construe the word "service" broadly, as meaning giving notice, not merely to the party, but to the clerk as well.

Without further discussion, we will only add that we give a similar construction to the curative feature of the statute, as found in section 5625, Rev. Codes. We hold that the words "service of the notice of appeal," as used in that section, had reference to both the service and filing required in the same section of the amended statute. Moreover, we know of no action which this Court could take, under the provisions of the section last cited, which could give effect to this appeal. No order of court could overcome the stubborn fact that one of the prerequisites of the appeal is lacking in this case. One step, which we hold to be essential to the appeal, was not taken in time. In *Baker* v. *Eyres*, 32 Pac. Rep. 1073, the Supreme Court of the State of Washington, under a similar statute, and where both the service and filing took place within the statutory limit, but the latter did not occur until 60 days after the former, held that the filing was unreasonably postponed, and was too late to effect an appeal. This is much further than we are required to go in this case. It is elementary that a statute which limits the time for an appeal is mandatory and jurisdictional, and therefore must be strictly construed, and where an appeal has not been taken within the statutory period the court of review is without power to do more than dismiss the appeal; nor can this statutory time be extended by the courts, unless the power to do so is expressly given in the statute. These rules are so firmly established that we deem it unnecessary to fortify them by citations of cases, and hence we refer only to 2 Enc. Pl. & Prac., p. 239 et seq., where the rule is stated and the authorities sustaining the same are collected. The appeal must be dismissed, for further proceedings in the court below. All the judges concurring.