(83 N. W. Rep. 235.)

---

W. J. MOONEY, *et al vs*. OWEN WILLIAMS.

Opinion filed May 24, 1900.

**Negotiable Instruments—Fraud—Burden of Proof Shifts.**

In an action by an indorsee of a negotiable promissory note to recover thereon against the maker, when evidence is introduced which shows that such note was obtained by fraud, and was without consideration, the burden shifts to the plaintiff to establish by competent evidence that he is a good-faith purchaser in due course, and without notice. Vikery v. Burton, 6 N. D. 245, 69 N. W. Rep. 193, followed.

**Stipulation of Facts—Effect to Cut Off Defense.**

Where, in such action, the defendant has signed and filed a stipulation of facts as evidence upon which the case is to be determined, which recites that the note in suit was indorsed by the payee to the plaintiff before maturity, for a valuable consideration, in the ordinary course of business, and without notice, the legal effect of such stipulation is to sustain the burden of proof cast on the plaintiff, and also to cut off the defense of fraud and want of consideration.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by W. J. Mooney and L. S. Champaigne against Owen Williams. Judgment for plaintiffs. Defendant appeals.

Affirmed.

*D. A. Lindsey*, for appellant.

*John E. Greene* and *Joseph Cleary*, for respondents.

YOUNG, J. This case was commenced in the District Court of Grand Forks county to recover the sum of $30 and interest as due and unpaid upon a certain promissory note executed and delivered by the defendant to the Realty, Revenue Guaranty Company, a Minnesota corporation, which note the complaint alleges was indorsed to the plaintiffs for a valuable consideration, before maturity, in good faith, and in the ordinary course of business, and is wholly unpaid. The case was submitted to the court without a jury, and without other evidence than that furnished by a written stipulation of facts signed by counsel, to which reference will hereafter be made. The trial court made the written stipulation of facts its findings of fact, and as a conclusion of law therefrom found that plaintiffs were entitled to judgment as prayed for in their complaint, and judgment was accordingly entered in their favor. An appeal has been perfected to this court from the judgment.

The only error assigned in appellant's brief is that "the court erred in finding as a conclusion of law that the plaintiffs were entitled to judgment for the amount of the note sued for in this action. This assignment is clearly without merit. The note in suit is negotiable in form. It is true the stipulated facts show a complete defense to the note as between the original parties, for it is conceded therein that the only consideration which the maker of the note received was a certain "option sale contract" executed and delivered to him by the Realty, Revenue Guaranty Company, the payee, a copy of such contract being attached to and made a part of the findings. This contract is the same as that before us in *State* v. *Hogan*, 8 N. D. 301, 78 N. W. Rep. 1051, and was issued by the same corporation. In that case we held that it was a contract of insurance. It is stipulated that the Realty, Revenue Guaranty Company had not complied with the laws of the state prescribing the conditions upon which foreign insurance companies may do business in this state when this contract was issued or at all. Under these circumstances the contract, which furnishes the sole consideration for the note in suit, was void at its very inception, so far as the corporation is concerned, under the express provisions of section 3265, Rev. Codes. It is patent, then, that as against the original payee the maker of the note would have a complete defense, both for want of consideration and fraud. But the effect of the stipulation as to fraud and want of consideration for the note goes further than to establish a defense between the original parties to the note. It casts upon the plaintiffs the burden of showing that they are good-faith purchasers of the note in due course, and without notice. See *Vickery* v. *Burton*, 6 N. D. 245, 69 N. W. Rep. 193, and cases cited on page 249, 6 N. D., and page 193, 69 N. W. Rep. It is clear that the prima facie case made by the plaintiffs by the introduction in evidence of the negotiable note, properly indorsed, was overcome by the facts just referred to, and, if the case stood upon these facts alone, the plaintiffs would necessarily fail. But we find that the burden cast upon the plaintiffs to show that they are good-faith purchasers in due course, an without notice, is fully met by an express stipulation on the part of the defendant "that said promissory note was indorsed by the payee therein, said corporation, to the plaintiffs, before maturity, for a valuable consideration, in the ordinary course of business, and without notice, and that the plaintiffs had no notice or knowledge of the character or objects of said corporation other than appeared from the face of said note," and that no part of the note has been paid. It is clear that the foregoing stipulation not only sustains the burden which was cast upon the plaintiffs to prove a good-faith purchase of the note in suit, but we think it is entirely sufficient to effectually cut off every defense which the defendant might have relied upon. There is nothing on the face of the note which imparts notice that it is tainted with fraud, or that it is without consideration. While it is

true the payee, the Realty, Revenue Guaranty Company, was not authorized to do an insurance business, by reason of noncompliance with the laws of this state, it is stipulated that it had complied with the laws relating to foreign corporations other than insurance companies, and it was, therefore, authorized to receive and transfer the note in question unaffected by any statutory prohibition.

Further discussion is not necessary. From what has already been stated, it will be seen that our decision rests upon facts which have been agreed to for the purposes of this case, and this case alone, and that our determination can have no value as a precedent in any other case unless the same facts exist either by stipulation or are established by competent evidence. The written stipulation of facts presented to the trial court, which were made its findings of fact, differed in form from, but in legal effect amounted to, a confession of judgment by the defendant. They were certainly broad enough to make a case for the plaintiffs, and to effectually cut off the defendant's defense. The trial court did not, therefore, err in ordering judgment for the plaintiff, and the same is accordingly affirmed. All concur.