(96 N. W. Rep. 1029.)

---

HARRISON WILSON *v.* ATLANTIC ELEVATOR CO., A CORPORATION.

Opinion filed October 30, 1903.

**Appeal From Justice—Bond—Approval—Service.**

1. In appealing from a justice to the district court, it is not necessary that the undertaking on appeal be approved and filed in the office of the clerk of the district court before it is served.

Appeal from District Court, Barnes county; *Glaspell,* J.

Action by Harrison Wilson against the Atlantic Elevator Company. Judgment for defendant before a justice, and on appeal by plaintiff the appeal was dismissed, and he again appeals.

Reversed.

*Lockerby & White* and *E. H. Wright,* for appellant.
*Lee Combs,* for respondent.

*Cochrane, J.* Plaintiff's action originated in justice's court. A judgment was rendered dismissing the action, and for costs against the plaintiff. Within proper time, plaintiff served on defendant's attorney a notice and undertaking on appeal from the judgment of the justice. Service of the same was admitted in writing by defendant's attorney, and thereafter, on the same day, the notice and undertaking, with proof of service thereof, were filed with the clerk

of the district court of Barnes county, to which the appeal was taken. The undertaking was approved by the clerk, and the indorsement of his approval made thereon, at the time the papers were presented for filing; but the indorsement of filing was first made by the clerk, followed immediately by the indorsement of his approval on the undertaking. On the opening day of the June term of the district court, defendant moved to have the appeal dismissed because the appellant had neglected to serve a proper undertaking on appeal. The point made was that the undertaking on appeal was not approved by the clerk of the district court, or filed in his office, before it was served. The motion was granted, and a judgment entered dismissing the appeal, and for $8 costs against plaintiff. Plaintiff appeals from this judgment.

This action was decided at the same term of the district court as the case of *Eldridge* v. *Knight,* which was afterwards reversed on appeal by this court. 11 N. D. 552, 93 N. W. 860. The same point is here involved, and that case is in all respects decisive of this. The fact that the indorsement of approval upon the undertaking was made after it was marked "Filed"—the acts being practically simultaneous—in no way distinguishes this from the former case. The fact that the respondent offered to stipulate for the reinstatement of this case upon the calendar of the district court, but without costs to appellant, cannot avail respondent to escape the costs of appeal, when the offer came after the appeal had been perfected and costs incurred.

The judgment of the district court dismissing the appeal from justice's court is reversed. All concur.