THE NATIONAL BANK OF COMMERCE V. R. G. PICK.

Opinion filed February 13, 1904.

**Notice of Appeal Served on Attorney for Adverse Party.**

1. Service of notice of appeal may be made on the adverse party by serving the same upon his attorney who appeared for him on the trial of the action.

**Service on Firm of Attorneys, One of Whom is Attorney of Record, Sufficient.**

2. Where the notice of appeal was served upon a firm of attorneys who signed the written admission of service thereon in the firm name as attorneys for respondent, and which firm appeared for and conducted the proceeding on behalf of respondent in the Supreme Court on such appeal, the service of notice was sufficient as against a motion to dismiss on the ground that one of the attorneys only appeared of record as counsel for respondent in the trial court, and that an order of substitution of the firm had not been made.

**Service on Clerk of District Court Unnecessary.**

3. It is not necessary, in taking an appeal from the district court, that the notice of appeal be formally served upon the clerk of that court. The filing of the notice of appeal in the office of the clerk of the district court in which the judgment appealed from is entered is sufficient notice to the clerk within the meaning of section 5606, Rev. Codes 1899, and no further service upon him is required.

**Filing Notice of Appeal. Time.**

4. It is not necessary that the notice of appeal be filed in the office of the clerk of the district court in which the order appealed from is entered before the same is served, and a delay of ten days between the service and the filing of the notice of appeal will not defeat the appeal, providing all acts necessary are done within the time limited for perfecting the appeal.

**Negotiable Note of Foreign Corporation — Failure to Comply With Sec. 3265 — Good in Hands of Bona Fide Purchaser.**

5. A negotiable promissory note, void in the hands of the payee because it is a foreign corporation doing business in the state without having complied with our laws, may be enforced by a bona fide purchaser and indorsee for value, before maturity, without notice of the facts rendering it void in the hands of the payee, notwithstanding section 3265, Rev. Codes 1899.

**The Word "Assign" Used in Sec. 3265 Does not Embrace Indorsee of Note.**

6. The word "assign," as used in section 3265, Rev. Codes 1899, does not include the indorsee of negotiable paper who takes the same before maturity, for value, and without notice of defenses thereto.

### Error to Order Judgment Upon Stipulation not Purporting to Embody All the Facts.

7. Where a stipulation of facts was entered into in writing by counsel for the respective parties, to be used as evidence upon the trial, but did not contain or purport to contain all the facts, it was error for the court, on motion of the defendant, to exclude all evidence on the part of the plaintiff, and to order judgment for defendant upon such stipulation and the pleadings, when the stipulation had not been offered in evidence, and when, upon any theory consistent with the complaint and such stipulation, the plaintiff could have made proof of facts entitling him to recover.

Appeal from District Court, McHenry county; *Palda, J.*

Action by the National Bank of Commerce against R. G. Pick. Judgment for defendant and plaintiff appeals.

Reversed.

*W. H. Thomas* and *Morrill & Engerud,* for appellant.

The mere selling of a machine is not *doing business* in the sense of section 3265, Rev. Codes 1899. Cooper Mfg. Co. v. Ferguson, 113, U. S. 727, 28 L. Ed. 1137; Gilchrist v. Helen, etc., Ry., 47 Fed. Rep. 593; Florsheim Bros. Dry Goods Co. v. Lester, 29 S. W. 34; Colorado Iron Works v. Sierre Grande Mining Co., 25 Pac. 325; Gates Iron Works v. Cohen, 43 Pac. 667.

Such interpretation would render it repugnant to the Federal constitution. Cooper Mfg. Co. v. Ferguson, supra.; Paul v. Virginia, 75 U. S. 168, 19 L. Ed. 357; Walton v. State of Missouri, 91 U. S. 275, 23 Sup. Ct. Rep. 347; Pembina Consolidated Mining Co. v. Penn. 125 U. S. 181, 31 Sup. Ct. Rep. 650.

The answer shows but a single transaction and does not allege that the Northwestern Wind Stacker Co. was doing business in the state. The defense is an affirmative one and must be pleaded. O'Reilly, etc., v. Greene, 40 N. Y. Supp. 360; New England Mortgage Security Co. v. Vader, 28 Fed. 265; Sprague v. Cutler & Savidge Lumber Co., 6 N. E. 335; G. O. Bee & Sons v. Blalock, 18 S. E. 264; Nichols v. People's Loan Ass'n, 25 S. E. 8.

If the plaintiff was a bona fide holder of the note in controversy, for value, before maturity, without notice, this was a complete bar to the proposed defense. Press Co. v. City Bank, 58 Fed. 321, 17

U. S. App. 213; Williams v. Cheney, 69 Mass. 215; Hubbard v. Chapin, 2 Allen, 328; Wortendyke v. Meehan, 2 N. W. 339; New v. Walker, 9 N. E. 386.

*Christianson & Webber,* for respondents.

Noncompliance with the statute is sufficiently pleaded. Violation of statute may be pleaded in general terms. Meyers Mfg. Co. v. Wetzel et al., 35 S. W. 896. The sufficiency of the allegation was not questioned below and cannot be here. Work et al. v. Kinney, Sheriff, et al., 63 Pac. 596.

The notes were in violation of sections 3261, 3263, 3265, Rev. Codes 1899, and are void and invalid and cannot be enforced on the part of the corporation or its assignee. J. Walter Thompson Co. v. Whitehead, 56 N. E. 1106; Meyers Mfg. Co. v. Wetzel et al., 35 S. W. 896; New Hampshire Ins. Co. v. Kennedy et al., 36 S. W. 709; Bradley Metcalf v. Armstrong, 68 N. W. 733; Pioneer Saving & Loan Co. v. Eyer et al., 87 N. W. 1058; G. Heilman Brewing Co. v. Piemeisl, 88 N. W. 441; Ashland Lumber Co. v. Detroit Salt Co. et al., 89 N. W. 904; Ehrhardt v. Robertson, 78 Mo. App. 404.

The case was submitted by agreement, upon the complaint, answer and stipulation of facts; and the submission was made by express request and consent of appellant's counsel. The case, so submitted, was considered by the court without objection on the part of appellant. He cannot now question the propriety of the proceeding. Aldrich v. Carpenter (Mass.) 35 N. E. 456; Webster v. Fleming (Ill.), 52 N. E. 975; Sugg et al. v. Thornton, 9 S. W. 145; State to use of Mayer v. O'Neill et al.,52 S. W. 241; Watkins v. National Bank of Lawrence et al., 32 Pac. 914; Perkins v. Fish et al., 53 Pac. 901; Work et al. v. Kinney, Sheriff, et al., 63 Pac. 596.

COCHRANE, J. This is an appeal from a judgment. Appellant, a national banking corporation at Minneapolis, Minn., sued as transferee of two promissory notes given by the respondent for the purchase price of a wind stacker bought by him from the Northwestern Wind Straw Stacker Company of Minneapolis, a Minnesota corporation. The defendant, by his answer, admitted the making of the notes to the Northwestern Wind Stacker Company and denied the other allegations of the complaint; averred that the notes were

given for the purchase price of a Maple Bay Farmers' Friend Automatic Wind Straw Stacker, bought upon an express warranty, which is set out in the answer; that the stacker failed to work as warranted; that the company was unable to make it fulfill the warranty, and that the defendant thereupon, pursuant to the terms of his contract, returned the stacker at the railroad station and to the company's agent with whom he had contracted for its purchase, and the return of the stacker was accepted by such agent of the company; that defendant thereupon became entitled to a surrender of his notes. He demanded that they be returned to him, but the company failed and neglected to return the same. He alleged that plaintiff purchased the notes after maturity, with knowledge of defendant's defense thereto; that the stacker company was a foreign corporation, organized under the laws of the state of Minnesota, and at the time defendant contracted with it had failed to comply with the provisions of sections 3261 and 3263, Rev. Codes 1899, and never at any time complied therewith; that because of such noncompliance the contract and note were wholly void in behalf of such corporation and its assigns. Defendant prayed judgment that the action be dismissed, for his costs, and such other relief as might be proper.

After a jury had been impaneled and sworn to try the case, and before plaintiff had sworn a witness or offered the notes in evidence, defendant's counsel objected to the plaintiff's introducing any testimony or any proof in support of its cause of action on the ground that it was estopped from maintaining the action under the laws of North Dakota, because it claimed as assignee of a foreign corporation which had not complied with the laws of the state relative to the doing of business therein by foreign corporations, and for the reasons set forth and contained in the stipulation of facts on file. This objection was sustained by the court, and on defendant's motion the action was dismissed and judgment entered for the defendant. These rulings of the court were severally excepted to and are assigned for error upon this appeal.

At the time defendant's objection was made to any evidence and sustained by the trial court, there was on file with the clerk a stipulation of facts entered into between the attorneys, as follows: "That upon the trial of the action the following facts are stipulated to be true for all purposes and intents in the trial of said cause, subject to such objections to the same as might be made for irrelevancy, incompetency and immateriality if the same had been asked from

witnesses on the trial of the cause, to wit: That the Northwestern Wind Straw Stacker Company is and was a foreign corporation organized under the laws of Minnesota, and was such corporation at all times mentioned in the complaint and answer herein. That at the time of making the contract set forth in the answer, and at the time of the making and delivery of the promissory notes sued upon in the action, the Northwestern Wind Straw Stacker Company was doing business in North Dakota and had appointed, among other resident agents, to handle and sell their articles, one Frank Collins, at Willow City, being the person from whom defendant purchased the wind straw stacker mentioned in the answer, and being the agent of said company with whom the contract of purchase was made, and to whom the promissory notes sued upon were delivered for said company. That at the time of making the contract of purchase with said company by the defendant, and at the time of the execution and delivery of the promissory notes sued upon, the company had failed in any manner to comply with the provisions of sections 3261 and 3263, Rev. Codes 1899, relative to the admission of foreign corporations to do business in the state, and that the stacker company at no time up to the commencement of the action had in any manner complied with such statutes. That the facts hereinbefore referred to were entirely unknown to the plaintiff. The first notice plaintiff received of these facts was communicated to it at the time the defendant served his answer on plaintiff's attorney setting out the facts as above set forth, and after investigation on the part of plaintiff in regard to the allegation of defendant therein the facts were discovered to be as above set forth."

Preliminary to a consideration of the case proper, counsel for respondent has made and urged a motion to dismiss the appeal and strike out the statement of the case and to affirm the judgment, for which he assigns many reasons. Few of the objections made are grounds for dismissal. Among other grounds of motion, he claims that the notice of appeal was not served upon the clerk of the district court, and that no proof of such service was filed. The notice of appeal was filed and is marked "Filed" by the clerk of the district court, and this was sufficient notice to that officer. Section 5606, Rev. Codes 1899; Stierlen v. Stierlen, 8 N. D. 297, 78 N. W. 990.

Another reason assigned is that the notice of appeal was not addressed to or served upon respondent or his attorney of record and that there is no proof of service of the notice of appeal. A. M. Christianson acted for respondent and signed all papers as his attorney up to the entry of judgment from which this appeal was taken. He now claims that the notice of appeal should have been served upon him individually, and that service upon Christianson & Webber was not a compliance with section 5732, Rev. Codes 1899. A written admission of service is indorsed upon the notice of appeal, signed by Christianson & Webber, as attorneys for respondent, admitting due and sufficient service thereof. It sufficiently appears that A. M. Christianson, the attorney of record on the trial of this case below, and who appeared for respondent in this court, is a member of the firm of Christianson & Webber; but the point is made that said firm was never formally substituted by order of court as attorneys of record in place of A. M. Christianson and that service upon said firm was not service upon A. M. Christianson, a member of said firm, within the meaning of the statute. The briefs, motions, and all papers in this court are signed for respondent in the name of Christianson & Webber. They signed in the firm name, on the day the appeal was taken, a written stipulation waiving bond on appeal and a stipulation for settlement of the statement of the case. It is the fact of service of notice of appeal upon respondent or his attorney which gives jurisdiction. When the notice of appeal was served, and due service thereof admitted by Christianson & Webber, signing themselves as attorneys for respondent, such admission bound each member of the firm as if served upon him individually. Such admission was a representation to opposing counsel and to the court that such attorneys had authority to bind their client by acceptance of service of such notice and counsel for respondent cannot, at this time, be heard to question the sufficiency of such service or proof of service. Graham v. Conrad, 66 Minn. 471, 69 N. W. 334, is not an authority in favor of respondent's contention. That case was controlled by the statute which made proof of service, as well as the fact, jurisdictional. Neither is McKenzie v. Water Company, 6 N. D. 371, 71 N. W. 608, any justification for this motion. The court in this case held that, for the purpose of starting the running of time for appeal from an order, the respondent would be held to strict proof of the service of notice of the entry of the order; that respondent could not secure the dismissal of an

appeal on the ground that it was not taken in time, except upon clear proof that the time had in fact run, for the especial reason that it was respondent's duty to make the service and proof of service of the notice which started the time.

It is next urged that the notice of appeal was served on the 3d day of August, and filed in the clerk's office on the 12th day of the same month; that the statute requires the filing to be contemporaneous with or to follow immediately the act of serving the notice of appeal. The language of section 5606, Rev. Codes 1899, governing appeals from the district court, is similar to that in section 6771, Id., governing appeals from justice court. This language requires that the notice of appeal be served before it is filed. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860; Wilson v. Elev. Co., 12 N. D. 402, 97 N. W. 535. And the filing of the notice of appeal, with proof of service, within ten days after the service of notice, is sufficient compliance with the statute, providing the filing takes place within the time limited for perfecting the appeal. Stierlen v. Stierlen, 8 N. D. 297, 78 N. W. 990. The statement of the case was settled upon a written stipulation of counsel for respondent. It was signed, certified and filed before appeal was perfected. The various objections of counsel to the statement are without merit, and unworthy of serious consideration. The motion to dismiss and to strike out the statement are overruled.

This brings us to the merits. Defendant's objection to any evidence being received in support of plaintiff's complaint, because the plaintiff was the assignee of a foreign corporation which had not complied with the laws of the state as to the doing of business therein, assumed that the very matters which defendant had pleaded in defense and which he had thereby assumed the burden of proving, were established without proof, and that no showing which could be made by plaintiff would entitle it to recover. The allegations of the answer do not constitute a counterclaim, were not pleaded as such, and no affirmative relief was prayed. In consequence no reply was necessary, but the new matter was deemed controverted as upon direct denial. Section 5292, Rev. Codes 1899. By sections 3261 and 3263, Id., a foreign corporation is forbidden to transact any business in this state until it has filed in the office of the secretary of state a duly authenticated copy of its charter or articles of incorporation and, in addition, a certificate appointing such secretary of state and his successors its attorney upon whom

process in any action or proceeding against it may be served, stipulating therein that any service of process made on its said attorney shall be of the same force and validity as if served upon it personally in the state. Section 3265, Rev. Codes 1899, provides that every contract made by or on behalf of any corporation, association or joint-stock company doing business in this state without first having complied with the provisions of sections 3261 and 3263 shall be wholly void on behalf of such corporation, association or joint-stock company and its assigns, but any contract so made in violation of the provisions of this section may be enforced against such corporation, association or joint-stock company. The word "assigns," as used in this statute, does not include the holder in due course of a negotiable instrument. The indorsement of a negotiable instrument, payable to order, and its delivery, so as to constitute plaintiff a holder thereof in due course, within the meaning of sections 30 and 52, c. 100, Civ. Code, would entitle it to recover, notwithstanding any defect of title of the payee named in the note. Such is the positive provision of statute. Section 57, c. 100, Civ. Code. The holder in due course of negotiable paper gets all the rights of the payee against the maker, and more. He can recover when the payee could not. The transferees of contracts or choses in action, also of negotiable paper, when so transferred as to be open to defenses, are properly called "assigns." The rights of assigns to recover upon choses in action and non-negotiable contracts is coextensive with that of the party from whom they take, but no greater. The statute declares: "In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment." Section 5222, Rev. Codes 1899; Merrill v. Hurley, 6 S. D. 601, 62 N. W. 958, 55 Am. St. Rep. 859. And non-negotiable written contracts, when transferred, carry all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the transfer. Section 3783, Rev. Codes 1899; Kirby v. Jameson, 9 S. D. 8, 67 N. W. 854. The lawmaking power, by use of the word "assigns" in section 3265, Rev. Codes 1899, and omitting mention of the holder in due course of negotiable paper, as effectually exempts such holder in due course from the operation of the statute as if it had so directly declared. In addition to this, section 5222, Rev. Codes 1899, declares that the right of set-off or other defense which may be urged

against the assignee of a chose in action shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon a good consideration before due.   We are aware that the word "assigns," in its broadest sense, has been given a meaning sufficiently comprehensive to include the indorsee of negotiable paper in due course.   Brown v. Ass'n, 34 Minn. 545, 26 N. W. 907; Watson v. Donnelly, 28 Barb. 658; 4 Cyc. 288.   But in this state, both by the statutes above quoted and by the decisions of this court, it has been limited in its meaning to transferees by assignment of choses in action, as distinguished from the holder in due course of negotiable paper; and such word had this well-understood meaning when section 3265 was adopted in the Revision of 1895.   In Dunham v. Peterson, 5 N. D. 414, 417, 67 N. W. 293, 36 L. R. A. 232, 57 Am. St. Rep. 556, this court said: "In determining whether, under the facts of this case, plaintiff is an endorsee of these notes, we must fall back upon elementary principles, and especially must we keep in mind the foundation of the rule which exempted negotiable paper in the hands of a bona fide purchaser from equities existing against it in the hands of the payee.   The assignee of an ordinary chose in action took it subject to all defenses.   The reason for this rule was the defect in his title.   The assignment did not transfer to him the legal title.   It was only in equity that he was regarded as the owner.   In a court of law he was obliged to sue in the name of the assignor, and on this account the assignment was without prejudice to defenses against the chose in action in the hands of the assignor.   But a different rule has long prevailed with respect to negotiable paper.  * * *   It has been held, and it is now the law, that the payee, if the note is not also payable to bearer, must indorse it; otherwise he manifests a purpose to assign the paper as a mere chose in action."   Here the distinction between an indorsee of negotiable paper and the assignee of a chose in action or nonnegotiable contract is clearly indicated.   In Vickery v. Burton, 6 N. D. 252, 69 N. W. 193, referring to the evidence of the witness Scovil that he assigned the notes to Vickery, the court said: "A careful perusal of all the evidence brings out the fact that Scovil must have used the term 'assign' in a general sense, and as synonymous with the terms 'transferred,' 'set over,' and like general expressions, and did not intend to be understood as testifying that he made an indorsement of the notes at the time referred to."   See, also, Mooney v. Williams, 9 N. D. 329, 83 N. W. 237; Mass. Loan &

Trust Co. v. Twichell, 7 N. D. 440, 75 N. W. 786; Porter v. Andrus, 10 N. D. 562, 88 N. W. 567; First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867. In Mooney v. Williams, supra, the precise question we are considering was involved and it was decided, notwithstanding the provisions of section 3265, that a foreign insurance corporation, payee in negotiable paper, could transfer the same so as to make of the indorsee a holder in due course; and the statement in that opinion to the effect that the corporation payee "had complied with the laws relating to foreign corporations other than insurance companies and was therefore authorized to receive and transfer the note in question unaffected by any statutory prohibition," did not affect the result or take from the authority of that case as a precedent upon the question here involved. The plaintiff, therefore, upon the state of the pleadings, was entitled to make proof of its notes and to show, if such was the fact, that it was a holder in due course; and the court was not justified in assuming, upon the pleadings alone, that such proof could not be made.

It is urged that the stipulation of facts foreclosed all question of recovery by plaintiff. The stipulation of facts was not offered in evidence. It does not purport to contain all the facts; nor does it say that the case was to be submitted and determined on the stipulated facts alone. The stipulation reserved the right to make objection on the trial to any fact stipulated, upon any ground which might have been urged against the proof if offered from a witness. This could not be done until the stipulation was offered. The facts set out in the stipulation that the plaintiff was entirely unaware that the stacker company had not complied with the laws of the state of North Dakota, and that the transaction out of which the notes were obtained took place in North Dakota, until served with the complaint in the action, must have been inserted in such stipulation at plaintiff's request. Such facts were pertinent only as links in the chain of evidence by which plaintiff would attempt to show that it was an indorsee in due course of the notes in suit when the burden was cast on it so to do. Section 59, c. 100, Civ. Code. The very form of the stipulation suggests that plaintiff expected to supplement this stipulation by proof that the notes were indorsed before maturity for value. If the stipulation was understood to contain all the facts upon which the case was to be submitted. it should have so stated, and the statement of the case should have recited the fact. Neither the stipulation nor statement contain any such agree-

ment. The court therefore erred in foreclosing plaintiff's proofs and in accepting a partial statement of the facts as conclusive against its right of recovery. "The parties may agree upon a part of the facts upon which a case may be heard and determined in the lower court. Such agreement is only evidence which the parties concede may be regarded as conclusive and must be brought into the record like any other evidence." Sweet v. Myers, 3 S. D. 329, 53 N. W. 187. In Citizens' Ins. Co. v. Harris, 108 Ind. 392, 9 N. E. 299, it is said: "The agreement as to the facts is but an agreement as to what the evidence would establish, and it is only in the record by force of the bill of exceptions. But while the agreement as to the facts is in the record, there is no statement in the bill showing that it contains all the evidence and, as there can be no decision of the questions presented without a consideration of all the evidence, it must be held that the appeal fails."

The judgment appealed from is reversed and the case remanded for further proceedings. All concur.