**In the Matter of the ESTATE of Erick RASK, Deceased.**

**Myrtle ATHEY, Appellant,**

**v.**

**Theodore C. RASK, Executor of the Last Will of Erick Rask, Deceased, et al., Respondents.**

**No. 8606.**

Supreme Court of North Dakota.

May 14, 1970.

Rehearing Denied June 12, 1970.

C. J. Schauss, Mandan, for appellant.

Richard P. Gallagher, Mandan, for respondents.

ERICKSTAD, Judge.

Myrtle Athey, the person named as residual legatee and devisee in an instrument asserted by her to be the Last Will and Testament of Erick Rask, appeals to this court from the order of the District Court of Morton County which dismissed her appeal to that court from the order of the County Court which held that the instrument purported to be the Last Will and Testament of Erick Rask was not his Last Will and Testament and thus not entitled to be admitted to probate.

The basic reason for the County Court's order declining to admit the instrument asserted by Mrs. Athey to be Erick Rask's Last Will and Testament is set forth in Paragraph 6 of the order dated the 27th day of January, 1968, signed by W. J. Austin as presiding judge of the County Court of Morton County. We quote therefrom:

6. * * * [A]t the time of the execution of the purported will, the said decedent was mentally incompetent to make and execute such an instrument for the reason that when the same was made and executed, and for a long time prior thereto, and up to and including the date of his death, his mind was impaired to the extent of understanding, realizing, or appreciating what disposition he was making or had made of his property therein and did not comprehend the meaning or effect of the disposition of his property and that he was laboring

under one or more insane delusions in that he imagined that he was the father of one or more children and that Myrtle Athey, the residual devisee and legatee named in the purported will, was in fact his daughter when in fact the same was not true and that said delusions existed at the time he made and executed the purported will, as well as before and subsequent thereto, and that the same had no basis in fact, reason or evidence, and was irrational and was caused by his mental derangement and directly affected his testamentary capacity to such an extent to make the will a nullity and of no force and effect.

In this appeal we are not asked to determine the truth of that statement, but are asked to determine whether Mrs. Athey's appeal from the County Court order to the District Court was timely taken.

In this case, in the contest over the admission of the instrument alleged by Mrs. Athey to be Erick Rask's Last Will and Testament, the County Judge of Morton County, deeming himself disqualified, requested the County Judge of Burleigh County to act in his stead. In an effort to establish the procedural facts the respondents filed in the District Court proceeding an affidavit executed by Judge Austin. The pertinent parts of Judge Austin's affidavit follow:

1. That he is and at all times hereinafter mentioned was the duly elected, qualified and acting Judge of the County Court in and for the County of Burleigh, State of North Dakota.

2. That on or about the 4th day of January, 1968, Wm. F. Hodny, the County Judge in and for Morton County, North Dakota by a written instrument pursuant to Section 27-07-19, declared himself to be disqualified to admit the will to probate and requested your affiant to hear, conduct and try the petition to admit the will in the above proceedings to probate and to grant letters testamentary pursuant to Section 27-07-20.

3. That thereafter on the 16th day of January, 1968 the records consisting of the original papers in the above proceedings were duly transferred to the office of my court in the Courthouse of Burleigh County, North Dakota.

4. That thereafter on the 16th day of January, 1968, I duly heard the petition for the admission of the purported will and the answer and objections thereto in the above referred to proceedings.

5. That on the 23rd day of January, 1968, I duly made and filed my Memorandum Decision in the proceedings and caused a copy thereof to be mailed to each of the attorneys for the parties herein.

6. That thereafter on the 23rd day of January, 1968, I caused the original papers together with my said Memorandum Opinion to be delivered to the County Court of Morton County, North Dakota for the purpose of transcribing said Memorandum Opinion into the records of said court.

7. That on the 27th day of January, 1968, the proposed Findings of Fact, Conclusions of Law and Decision were duly delivered to my office in the County Court of Burleigh County and I thereupon duly endorsed on the original thereof the date the same were filed in my office and proceeded to duly execute the said Findings of Fact, Conclusions of Law and Decision herein by signing my name thereto.

8. That thereafter, and at the request of the attorney for the respondents who objected to the probate of such will, I duly mailed the same to him for the purpose of making service thereof.

Although the record does not so disclose, both parties agree that notice of entry of the order entitled "Findings of Fact, Conclusions of Law and Decision," executed

January 27, 1968, by Judge Austin, was served upon counsel for Mrs. Athey by letter mailed January 29, 1968. Stamped on the order is a certificate indicating that the order was filed by the clerk of the County Court of Morton County on January 30, 1968. No information relative to filing in the office of the County Court of Burleigh County is evident from our examination of the order.

Thus, we have an order executed on the 27th of January, 1968, by Judge Austin sitting in his office in Burleigh County acting in place of Judge Hodny, the County Judge of Morton County, which order was ultimately taken to the office of the County Judge in Morton County and there stamped as filed on the 30th of January, 1968.

Mrs. Athey, after serving the respondents with notice of appeal from the January 27 order, filed the notice of appeal with proper undertaking and proof of service with the County Court of Morton County on February 28, 1968.

Because more than thirty days elapsed between the execution of the order and the filing of the notice of appeal and other necessary documents, the respondents contend here, as they did before the trial court where they prevailed, that the appeal was not timely and that for that reason the trial court had no jurisdiction over the subject matter and therefore could not hear the appeal on its merits.

The statute governing appeal from an order of a county court is Section 30–26–03, N.D.C.C. The pertinent part reads:

> Appeal—How taken.—To effect an appeal, the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. * * *

In this case we must decide when the time for appeal from the County Court order began to run.

Among the decisions referred to us by Mrs. Athey in support of her contention that the time for appeal should not begin to run until the order is filed by the clerk are State v. Lindeman, 64 N.D. 518, 254 N.W. 276, and In Re Heart River Irrigation District, 78 N.D. 302, 49 N.W.2d 217. We shall discuss those cases later herein.

The phrase "within thirty days from and after the date of the order or decree" in Section 30–26–03 of the probate code has not heretofore been construed by our court.

It is, however, the respondents' contention that that phrase requires that the appeal be perfected within thirty days of the date of the execution of the order, notwithstanding that the order is not delivered at that time to the proper custodian of the records. In support of their position they especially refer us to In Re Bjerke's Estate, 137 N.W.2d 225 (N.D.1965), and Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845.

In examining those cases, we note that neither of them involved a situation where the orders were filed on a date different from the date of the orders.

In *In Re Bjerke's Estate* this court, following the rule that appeals are statutory and that an appellant must conform to the provisions of the statute in perfecting his appeal, held that the appellant had failed to perfect his appeal when he failed to file proof of service of his appeal in the county court within thirty days of the order sought to be appealed from.

In *Nevland* the court was merely construing Section 28–2705, N.D.R.C.1943, which was one of the appeal statutes then in effect for taking an appeal from an order of the district court.

> "An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and

filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, * * *" N. D.R.C.1943, 28–2705.

Nevland v. Njust, 78 N.D. 747, 51 N.W. 2d 845, 848.

In holding the appeal ineffective because the appellant had failed to file the notice of appeal with the clerk of the district court within the time fixed by statute, the court was merely following an older decision of this court, namely Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990. It was not holding that the time for appeal from district court begins to run from the date of the order rather than from the date of its filing. This is obvious for the reason that Section 28–2704, N.D.R.C.1943, commenced the running of the time within which an appeal must be taken with the service of the notice of the order, not the date of the execution or the date of the filing of the order.

"An appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing." N.D.R.C.1943, 28–2704.

Nevland v. Njust, 78 N.D. 747, 51 N.W. 2d 845, 848.

This court has, however, construed phrases similar to the pertinent phrase in Section 30–26–03, N.D.C.C., in other appeals statutes, which decisions we think provide a guide to us in the determination of this case.

In State v. Lindeman, supra, the defendant was convicted of the crime of engaging in liquor traffic. Following his conviction he made a motion for a new trial, which motion was orally denied. The procedural question in the case was whether the oral statement made by the court denying the motion for new trial was such an order that an appeal must have been taken therefrom within sixty days after the date of the oral statement. In holding that the time for appeal did not begin to run with the oral denial, the court said:

Unless it is reduced to writing, signed by the judge, and filed with the clerk or entered by the clerk in the minutes of the court as provided by law, there is nothing to appeal from.

State v. Lindeman, 64 N.D. 518, 254 N. W. 276, 277, 278.

Although the statute which established the time within which an appeal could be taken in a criminal case was not set forth in the decision, our research discloses that the pertinent statute then in effect was Section 10994, which is the predecessor of Section 29–28–08, N.D.C.C. Section 10994 as of that date read as follows:

An appeal from a judgment may be taken within six months after its rendition, and from an order within sixty days after it is made.

Compiled Laws of North Dakota (1913).

It is to be noted that the phrase "within sixty days after it is made" is quite similar to the phrase "within thirty days from and after the date of the order or decree" and that this court as early as 1934 required not only that the order be in writing but that it be filed with the clerk or entered by the clerk in the minutes of the court before the time within which an appeal could be taken would begin to run.

Lest it should be argued that there is less reason for such a holding in a civil proceeding than in a criminal proceeding, it is interesting to note that this court in *In Re Heart River Irrigation District*, a civil matter, said:

The rule that the time within which an appeal may be taken does not begin to run until the filing of the decision, order

or judgment, or until notice of the entry thereof has been given, is of universal application in this jurisdiction.

In Re Heart River Irrigation District, 78 N.D. 302, 49 N.W.2d 217, 223.

█ In that case the court further said:

It is axiomatic that one is not bound by an order of which he has neither actual nor constructive notice.

Notwithstanding that the specific holding in *Heart River* is not pertinent to our case for the reason that no issue is therein made of the filing of the order, we think that the philosophy expressed in *Heart River* should guide us in the instant case.

█ Accordingly, we hold that the time within which the appellants could appeal in the instant case began not with the date of the order, but with the date that the order was filed in the office of the Morton County Court. Any other construction might deprive prospective appellants of both actual and constructive notice, and such a result could not have been the intent of the Legislature.

For reasons stated in this opinion, the order of the District Court is reversed and the case is remanded for a determination by the District Court of the appeal from the County Court.

TEIGEN, C. J., and PAULSON, KNUDSON and STRUTZ, JJ., concur.