THE PEOPLE *ex rel*. Backus *vs*. SPALDING.

To limit the time for appealing from an interlocutory order, the party obtaining the order must either serve a formal notice of the order, or a copy of the order itself, upon the solicitor of the adverse party. A mere verbal notice of the order is not sufficient for that purpose.

THIS was an application to dismiss an appeal from an July 19. interlocutory order, upon the ground that the appeal was not entered until more than fifteen days after the appellant was aware of the entry of the order ; although no notice of such order had been served.

*A. Gardner*, for the relator.

*R. Haight*, for the defendant.

THE CHANCELLOR. This is an application to dismiss an appeal from an order of the vice chancellor of the eighth circuit, adjudging the defendant guilty of a contempt, and ordering him to be committed until the fine imposed upon

him should be paid. In the case of *Tyler* v. *Simmons*, (6 *Paige's Rep.* 132,) this court considered the decision of the court for the correction of errors as settling the principle that the party entering an interlocutory order or decree, and who wished to limit the time of his adversary's appealing from the same, must either serve a copy of the order, or serve a written notice that such an order had been entered. And I can see nothing in this case to take it out of the principle of that decision. There is no doubt that the appellant, when he was arrested upon the process for his commitment, must have known that the vice chancellor had made an order, and that such order must have been entered, to warrant the issuing of the process. But still it is proper to adhere to the settled practice of requiring a formal notice, or the service of a copy of the order.

The motion to dismiss the appeal is therefore denied, with $8 costs.