(80 N. W. Rep. 757.)

---

GEORGE C. PECKHAM vs. W. S. VAN BERGEN.

Opinion filed October 18, 1899.

**Equity Cases Tried to a Jury—Appeal—New Trial.**

In an equity case, where the District Court calls in a jury for advisory purposes, the trial is not governed by the provisions of section 5630, Rev. Codes, as amended by Chapter 5 of the Laws of 1897; nor does this Court try such cases anew. That statute applies only to such cases as are tried in the District Court without a jury.

**New Trial Ordered.**

Applying this construction of the statute to the facts of this case, *held*, that the case below was improperly tried, and the case is therefore sent back for a retrial.

Appeal from District Court, Cass County; *Pollock, J.*

Suit by George C. Peckham against W. S. Van Bergen. Judgment for plaintiff, and defendant appeals.

Reversed.

*Newman, Spalding & Stambaugh,* for appellant.

*Leonard A. Rose,* for respondent.

WALLIN, J. The relief sought by this action is the surrender and cancellation of two promissory notes executed by the plaintiff and delivered by him to the defendant,—one of said notes being for $500, and the other for $400; also, the cancellation of a certain mortgage covering a house and lot owned by plaintiff, situated at Grandin, N. D., and occupied by plaintiff and his wife as a homestead, which said mortgage was executed by plaintiff and his wife, and delivered to the defendant, as security for the payment of said notes. The complaint alleges, in substance, that said notes and mortgage were given wholly without consideration, and were obtained by duress, undue influence, menace, and fraud practiced upon the plaintiff by the defendant. The answer denies all of these charges, and defendant alleges that the notes and mortgage were voluntarily given by the plaintiff to secure an indebtedness which was in excess of the amount of said notes, and that said indebtedness arose, on account of money and property belonging to the defendant which the plaintiff had unlawfully appropriated to his own use. The plaintiff had judgment below, and the defendant, in the statement of the case, has demanded a retrial of the entire case in this Court, under the provisions of section 5630, Rev. Codes, as amended by Chapter 5, Laws 1897.

When the case was called for trial in the District Court, that court announced that it would call a jury, and submit certain questions to them for their verdict,—which verdict, however, the Court stated, would be regarded simply as advisory to the Court. The defendant, by his counsel, objected to the calling of any jury, and to the submission of any evidence to a jury, on the ground that the action was to be tried under section 5630 of the Revised Codes, and that such an action could not lawfully be submitted to a jury. This objection was overruled, and an exception was taken to such ruling. The Court then submitted certain questions in writing to the jury for an advisory verdict, which are as follows: "Was the plaintiff induced by the defendant to execute the notes and mortgage in question (1) by duress; (2) by menace; (3) by fraud; (4) by undue influence?" Defendant here interposed special objections to the submission of said questions to the jury, for the following reasons, viz: That the first called for a conclusion of law, and not a statement of fact; the second is not a proper question to submit to a jury, and is immaterial; and to the fourth, that it is not a proper question to submit to a jury, and calls for a conclusion of law. All of the said objections were overruled by the trial court, and defendant excepted to the ruling. Upon the issues so submitted the

respective parties introduced testimony, and the case was argued by counsel to the jury. The Court then instruced the jury, but, inasmuch as such instructions are not embodied in the abstract filed in this Court, we have no means of knowing their nature or terms. The jury answered each of the questions so submitted to them in the affirmative, whereupon the jury was discharged, and the trial court, after receiving further evidence and hearing counsel, —the case being then fully submitted, made and filed its findings of fact and conclusions of law. By such findings the Court, in effect, adopts the verdict of the jury as to three of the questions submitted to the jury, and as to the fourth declines to adopt the verdict of the jury. As to eight of said findings of fact, the defendant has filed exceptions upon the ground that the same, respectively, are not justified by the evidence. Said exceptions embrace no specifications of particulars. But such exceptions are unnecessary in a case where the statement embraces the declaration that the defendant desires a retrial of the whole case in this Court. See *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998. Upon such findings a judgment was entered below, from which defendant has appealed to this Court.

The record discloses that all the evidence in the case which was offered in the trial court has been incorporated in the statement of the case, and transmitted to this Court; but the further fact appears that, while the evidence was being elicited before the jury, certain evidence was offered, which upon objection thereto being made by counsel, was excluded from the consideration of the jury by the trial court. As the trial progressed before the jury such rulings were of frequent occurrence. But it is also true that it appears that after the jury was discharged the witnesses were recalled, and were then permitted to give the evidence before the Court which had been excluded from the jury. Exceptions were saved to this mode of taking the evidence, and the rulings are assigned as error in this Court; and the action of the trial court in submitting the several issues to the jury for a verdict, as already stated, is also assigned as error. These assignments of error devolve upon this Court the duty of passing upon a preliminary question of practice never before raised in this Court. The question is this: Whether section 5630 of the Revised Codes, as amended by Chapter 5 of the Laws of 1897, governs the procedure in the District Court and in this Court in an equity case, wherein the trial court calls a jury to its aid for advisory purposes. It is our opinion that said statutes do not govern in such cases. That the District Court may, at its discretion, call in a jury for an advisory verdict in an equity case, is entirely clear. This is the old and well-established practice in courts of equity, and this practice is clearly recognized in the Code of Civil Procedure. Rev. Codes, § 5420. But, when this course is adopted in the trial of equity cases, the practice which regulates such trials—the same not being governed by statutory provisions—must be sought for in elementary treatises, and in the decisions of the courts. In the

absence of controlling statutory provisions, the ordinary rules of evidence would be applicable in such cases, and would govern in the elicitation of the evidence, and upon appeal this court would not try the case anew, but would sit as a court of review for the correction of errors, as was the practice here in all cases prior to the enactment of the statute found in Chapter 82 of the Laws of 1893, popularly known as the "Newman Law." The legislative assembly has seen proper to incorporate in the statutes we have cited a new practice, both in the trial court and in this Court, in two classes of actions, namely, common-law actions wherein a trial by jury has been waived, and equity actions which are tried by the Court without a jury. The features of the new practice which are most salient are these: First, all evidence offered at the trial must be received; second, all such evidence must be preserved at the trial, and transmitted, on appeal, to this Court; third and finally, this Court sits in such cases as a trial court, in passing upon the evidence in the record. Section 5630, Rev. Codes, as amended, contains the following language: "In all actions tried by the District Court without a jury, in which an issue of fact has been joined, all the evidence offered at the trial shall be received." The terms of this statute are such as to plainly exclude from its provisions all cases, whether at law or in equity, in which a jury sits to determine the issues, or a part thereof. This statute, in its very wording, can only apply to cases which are tried "without a jury." See *First Nat. Bank of Devils Lake* v. *Merchants' Nat. Bank*, 5 N. D. 161 (opinion, 163) 64 N. W. Rep. 942. In our judgment, there are excellent reasons for a discrimination as between cases where a jury is called to pass upon some or all the issues involved, and other cases in which the judge alone, sitting as a court, determines all the issues. It is our judgment, also that all evidence offered must be received when offered. There is no authority in the statute for any other course. It cannot be overlooked that this statute compels the admission of all the evidence offered at the trial, and requires it all to be sent to this Court on appeal. This means that testimony, whether competent or not, whether relevent or not, under the established rules of evidence, must be received if offered. If the diligence of counsel has enabled him to gather only incompetent and irrelevant trash, the same must be received in evidence, if offered in evidence at the trial. It is true that the statute permits objections to testimony to be noted in the record, and this doubtless is for he purpose of directing the attention of the trial court and this Court to the character and evidential qualities of the evidence, as well as to the question of its admissibility. The statute proceeds upon the assumption that both the District Courts and Supreme Court will be presided over by judges who are learned in the law, and familiar with the rules governing the admission as well as the probative force of testimony. Going with this assumption is the further assumption that these courts, in determining cases, will be governed by well-established rules of evidence, and will not be governed or improperly in-

fluenced by mere rubbish which may, under the mandate of the statute, be received as evidence at the trial. But jurors are drawn from the nonprofessional ranks of society, and, however intelligent the average juror is or may be, no one will contend that he would be able to apply the rules of evidence to the mass of testimony which the statute in question permits to be received as evidence at the trial. We think this consideration alone is a vindication of the wisdom of that provision of the statute which excludes from its operation all cases in which juries are called to act, whether upon all or only a part of the issues to be tried. Nor does the fact that a jury in this case was called in an advisory capacity militate against the construction we have given this statute. The terms of the statute confine its operation to all cases tried in the District Court "without a jury." It is true that the verdict of a jury is not binding upon the Court in equity cases. The trial court is vested with a discretion to vacate such verdict in whole or in part, but this does not alter the fact that such verdicts are entitled to receive grave consideration at the hands of trial courts. Juries are not called, even in equity cases, as a mere formality; and their findings are seldom disregarded by courts of chancery, unless the same are clearly wrong. Experience has shown that for the trial of many questions of fact an average jury is the best of all tribunals. It is for this reason that courts of equity have always been clothed with a discretion to call a jury to their aid in determining mere questions of fact; and, in our judgment, it is quite as important in an equity case as in a law case to exclude from the consideration of juries composed of laymen all evidence save that which is admissible under the established rules of evidence.

Applying what has been said to the facts as they appear of record in this case, we shall be compelled, though with great reluctance, to hold that the procedure in the trial court in this action was wholly irregular, and was conducted upon a misconception of the law of procedure governing such a case: We are confronted by the fact that this is an equity case, in which a jury was called to determine issues of fact. In such cases, as has been shown, the ordinary rules of evidence are applicable, and this Court does not sit to try them de novo. But it also appears that the case was tried below, and has been appealed to this Court, in conformity with the provisions of section 5630, supra, which statute does not apply to cases such as this. At the trial all the evidence offered was received, and the court below bases its findings upon a consideration of all the evidence offered in the case. In settling the statement of the case, also the court below was governed by said statute. Court and counsel alike manifestly assumed at the trial, in all that was done, and in taking the appeal, that the case, as to its procedure, came within the provisions of the statute last cited. There having been a mistrial below, we deem it to be our duty to order a retrial of the case in the District Court, and a reversal of the judgment, and this Court will so direct. All the judges concurring.