FRANK KEOGH vs. FANNIE P. SNOW.

Opinion filed October 23, 1900.

**Appeal—Notice of Judgment—Time of Appeal—Limitations.**

Construing section 5605, Rev. Codes 1895, *held*, that notice of an
appealable order may be served upon appellant's counsel by deliver-
ing to him a copy of such order, and that such service alone is
sufficient notice of the order to set in motion the statute limiting the
time of appeal.    No additional or other notice of the order is required
by the statute.    But it does not follow that written notice of such an
order sufficient to start the statute may not be given without serving
the order itself, by a copy thereof or otherwise.

Appeal from District Court, Steele County; *Pollock,* J.

Action by Frank Keogh, trustee, against Fannie Pickert Snow. From a judgment in favor of plaintiff, defendant appeals. Motion to dismiss appeal.

Granted.

*J. E. Robinson,* for appellant.

*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, J. This is a motion to dismiss an appeal herein attempted to be taken to this court from an order of the District Court denying a motion to vacate the judgment entered in the District Court. In disposing of the case, we shall have occasion to consider but one of the grounds of the motion. It is the contention of counsel for the respondent that the appeal was not taken until the time limited by statute for an appeal had expired. The time of appeal from orders is governed by section 5605, Rev. Codes 1895. This section provides that an appeal from an order may be taken "within sixty days after written notice of the same shall have been given to the party appealing." We are therefore to inquire in this case—First, whether any written notice of the order attempted to be appealed from was ever given to the appellant; and, if such notice was given, to inquire, secondly, whether the appeal was taken within 60 days thereafter.

The order in question bears date on the 6th days of September, 1899. The presiding judge affixed his signature to the order, and next below said signature we find the following language, indorsed upon the face of the order: "Due and personal service of the above order, by copy, is hereby admitted this 11th day of September, 1899." Next following the above indorsement we find the signatures of the attorneys for the respondent, and likewise the attorney for the appellant. To the signature of the appellant's attorney was appended the following words: "Attorney for Defendant Fannie Pickert Snow," and Fannie Pickert Snow is the only defendant who has sought to appeal from said order.

It is conceded that the notice of this appeal was not served within 60 days after September 11, 1899. It is the contention of the appellant's counsel, however, that a service of the order, made only by a delivery of a copy thereof, is not alone sufficient to set the limitation of time named in the statute in motion. Counsel contend that the statute (section 5605) requires a notice of the order, and that a service of the order itself by copy does not meet this requirement. We cannot sustain this contention. At the same time we are entirely satisfied that a proper notice of an order may be made without serving the order itself, by copy or otherwise. The crucial question here is whether, within the meaning of the statute, an order served by copy constitutes written notice of the order. We are clear that this inquiry should receive an affirmative answer. Section 5216 of the Compiled Laws embraces a provision identical in

meaning with section 5605 of the Revised Codes of 1895. In construing the language of section 5216, the Supreme Court of South Dakota have held that the service of the order itself by copy is alone sufficient, and that no other or different notice of the order is required. See *Brooks* v. *Bigelow,* 9 S. D. 179, 68 N. W. Rep. 286. The case is squarely in point. In the case cited, as in the case at bar, counsel for the appellant had admitted service of the order. Commenting upon such admission, the court say: "The time when, and the place where, appellant received due notice of the order under consideration are conclusively proven by the written acknowledgment and admission of service." We fully concur in the construction of the statute given in the case cited.

Appellant's counsel cite, as supporting his contention, *McKenzie* v. *Water Co.,* 6 N. D. 367, 71 N. W. Rep. 608; but that case is not in point. In that case we held that the time of appeal from the order there involved had not run, because the order had not been served, or attempted to be served, in any manner upon the appellant. The service there was not made either upon the appellant or upon his attorney, but was made upon another attorney, who came into the case only to argue a motion in the case, and was not shown to have had any further connection with, or relation to, the action. It is true we said in the headnote to that case: "The right of appeal is a highly valuable right, and, where a party seeks to limit such right, he is held to strict and technical exactness in practice;" and in the body of the opinion we cited cases from several states as illustrative of the strictness of the rule. The cases were not cited in support of our holding in that case, nor are they in point as sustaining plaintiff's contention here, for the reason that they are decisions made upon statutes which are different in their requirements from those contained in the section controlling this case. The cases we cited from New York in *McKenzie* v. *Water Co.* were based upon statutes requiring, in addition to a notice of the order itself, a further notice of the entry of the order. The statute governing this case contains no such provision, and we certainly are not authorized to read into it any such requirement.

The cases most nearly in point, to which our attention has been called, are based upon appeals taken in New York from the Court of Chancery, and were made before the Code of Civil Procedure was adopted in that state. See *Coal Co.* v. *Dyett,* 4 Paige, 273; *Jenkins* v. *Wild,* 14 Wend. 544; *Tyler* v. *Simons,* 6 Paige, 132; *People* v. *Spalding,* 9 Paige, 607. These holdings are to the effect that appellant's mere knowledge of an order is not alone sufficient to start the time running, and some of them are to the effect that service of the order itself is alone sufficient to do so.

But counsel further contends that the service of the order upon him was irregular, and therefore that the service should be adjudged to be illegal. We very much doubt whether counsel should be allowed to question the regularity of the service, in view of his unqualified admission of due service thereof, and particularly as there is no

claim that the irregularities complained of operated to mislead counsel or otherwise operate to his prejudice. It seems that the District Court, in conformity to a practice prevailing in that court in such cases, instructed its stenographer to serve the order in question upon counsel, and that, in obedience to such direction, the stenographer served a copy, which was defective in one particular. The paper served was in fact a true copy of the original order, but the original was defective, in that the county was misnamed therein in the caption of the order. It appears that the trial judge promptly discovered this defect, and called the attention of appellant's counsel to the same, and thereupon the original and copy were corrected, and this by the express consent of counsel. We are clear that the defect complained of was entirely inconsequential, and need not have been corrected, and we are further clear that, in view of the unqualified admission of due service, counsel cannot be heard to question the regularity of the service in any respect. The attempted appeal having been taken too late, this court has acquired no jurisdiction of the action; hence the appeal will be dismissed. All the judges concurring.