# R. N. ROSS v. THE CITY OF KENMARE.

(146 N. W. 897.)

**Judgment — notice of entry — appeal — restriction — practice.**

1. Following Keogh v. Snow, 9 N. D. 458, *held*, that one who seeks by the service of notice of entry of judgment to restrict or limit the time for taking an appeal will be held to strict and technical exactness of practice.

**Rule — service of notice by mail — address — insufficient — must be on attorney of record.**

2. It is not a compliance with such rule to send such notice by mail addressed merely to "The City Attorney, Kenmare, N. Dak.,"—especially where it appears that the defendant city at the time had no city attorney; and it also appearing that the attorney of record for defendant had resigned as city attorney, and had transferred his residence from Kenmare to Minot long prior to the date of such attempted service. Proper practice required that the service of such notice be made upon the attorney of record in the action.

Opinion filed April 22, 1914.

Motion to dismiss appeal upon the alleged ground that such appeal was taken after the expiration of one year from the date of service of the notice of entry of judgment.

Motion denied.

*Palda, Aaker & Greene*, Minot, N. D., for the motion.

*A. W. Gray*, Kenmare, N. D., *contra*.

Fisk, J. Respondent moves to dismiss the appeal herein upon the ground that notice thereof was served more than one year after notice of the entry of the judgment was given.

Sec. 7204, Rev. Codes 1905 provides: "An appeal from a judgment may be taken within one year after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action." The judgment was entered on August 7, 1912, and on August 9th notice of the entry thereof was mailed in an envelop addressed "City Attorney, Kenmare, North Dakota." The sole question for determination is whether such service of the notice of entry of judg-

ment was a sufficient compliance with the statute to start the running of the period allowed for appeal.

The record discloses that G. S. Wooledge signed the answer as attorney for defendant, and the order for judgment and the judgment recite that Murphy & Wooledge appeared as defendant's attorneys at the trial of the action, which took place in December, 1910. Affidavits on the part of appellant were presented showing that G. S. Wooledge qualified as city attorney of Kenmare on May 2, 1910, and acted as such until December 4, 1911; and on the latter date one P. M. Clark was appointed to such office, and served until July 1, 1912, at which time he resigned; and that there was a vacancy in such office from the latter date until December 2, 1912, during which time there was no one acting as city attorney for the defendant city. It is also shown by affidavits that Wooledge removed from the city of Kenmare to the city of Minot prior to January 1, 1912, where he has since resided. It is also stated in such affidavits, upon information and belief, that there never has been any notice of entry of judgment served upon the said Wooledge in said action; nor does respondent's counsel contend to the contrary, but they rely solely upon the service by mail as above stated.

We are agreed from the showing thus made that the motion to dismiss should be denied. It is not contended that the notice of the entry of such judgment ever in fact came to the knowledge of the defendant city. The rule is well settled, as stated in 2 Cyc. 799, that "one who seeks, by the service of notice, . . . to restrict or limit the time in which an appeal may be taken, will be held to strict and technical exactness of practice,"—citing numerous authorities. See also, to the same effect, Keogh v. Snow, 9 N. D. 458, 83 N. W. 864. It can hardly be said that the service in this case conformed to strict and technical exactness of practice. It is doubtful, indeed, if such service constituted even a substantial compliance with the statute. It was not addressed to G. S. Wooledge, nor to Murphy & Wooledge, the attorneys of record in the action. Sec. 7333, Rev. Codes provides: "In case of service by mail the paper must be deposited in the post office, addressed *to the person* on whom it is to be served at his place of residence, and the postage paid." Addressing merely the city attorney is not a strict compliance with such statute. While respondent might have the right to presume that the city of Kenmare had such an official, we do not think

he had the right, as against this defendant, to shift the duty and responsibility upon the postmaster, of determining the identity of such official. And where, as disclosed on this motion, there was in fact no one holding such office at the time, we cannot presume that the envelope containing the notice ever came to the knowledge of the defendant.

We might mention the further fact, as disclosed by this record, that defendant's attorney of record was, and for a considerable time had been, residing in the city of Minot, where plaintiff's counsel resided, at the time of the attempted service of the notice, and service by mail upon such attorney could not therefore be made under § 7332, Rev. Codes. Clearly, plaintiff was at least authorized, if not required, to make service of the notice upon Wooledge.

In support of our views see Parker v. Williamsburgh, 13 How. Pr. 250, a case very similar on the facts to the case at bar.

Motion denied.