ROBERT L. BARNETT, Respondent, v. CHARLES WILL, as Sheriff of Billings County, North Dakota, Appellant.

(166 N. W. 511.)

**Appeal and error — judgment — modification of — jurisdiction — execution — levy under by sheriff — personal property — claimed by a third person — action — claim and delivery — failure to prosecute — with effect — motion to dismiss — order made dismissing — without ordering a return of the property — judgment entered — no appeal.**

1. Where a sheriff, the defendant, levied an execution upon certain personal property and took it into his possession, and another, who claimed to be the owner and entitled to possession of such property, brought an action of claim and delivery against the sheriff, and under the writ took possession of the property, but failed and neglected to prosecute the action with effect for more than five years, and the sheriff, the defendant, made a motion to dismiss such action for want of prosecution, and an order was made by the court ordering such action dismissed without ordering a return of the property, or, in the event return could not be had, judgment for the value thereof, and judgment of dismissal was entered upon such order, and no appeal was taken from the order or judgment, the court, at the time of the entry of judgment of dismissal of such action, had lost jurisdiction of both the persons and the subject-matter, and had no authority to entertain a motion made more than seven months after the entry

of the judgment of dismissal, and make an order modifying such judgment, awarding the defendant the return of such property or judgment for the value thereof.

**Court without jurisdiction — person or subject-matter — modification of judgment order — order void — inherent power — to vacate void order — as between the parties — others in privity.**

2. Where the court was without jurisdiction to make an order modifying a judgment, its order and judgment entered thereon being void, the court nevertheless has the inherent authority and power to entertain a motion and enter its order setting aside and vacating such void order and judgment at any time as between the parties to the action, or others in privity with them.

Opinion filed December 22, 1917.

Appeal from an order of the District Court of Billings County, W. C. Crawford, J.

Affirmed.

F. C. Heffron, for appellant.

That district court has a right within one year to modify its judgments by inserting therein provisions inadvertently, or through excusable neglect, omitted therefrom, is too elementary to require comment. Comp. Laws 1913, § 7483.

Plaintiff's remedy was by appeal from the order of the court if he claimed relief therefrom. Comp. Laws 1913, § 7841.

But plaintiff's delay for over two years to make any move is gross laches on his part. Wannemacher v. Vance, 23 N. D. 634, 138 N. W. 3; Re Peekamose Fishing Club, 8 App. Div. 617, 40 N. Y. Supp. 959; Keeney v. Fargo, 14 N. D. 423, 105 N. W. 93; St. Paul Land Co. v. Dayton, 39 Minn. 315, 40 N. W. 66.

One who moves to vacate a judgment must show due diligence and furnish an affidavit of merits, neither of which was done in this case. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; St. Paul Land Co. v. Dayton, 39 Minn. 315, 40 N. W. 66; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Comp. Laws 1913, § 7483.

A modification of a judgment relates back to the original judgment and becomes a part of it. 23 Cyc. 883.

The order vacating the judgment, and from which this appeal is taken, having been made more than two years after entry of the judg-

ment, is void. Comp. Laws 1913, § 7483; Yerkes v. McHenry, 6 Dak. 5, 50 N. W. 485; Parrott v. District Ct. 20 Wyo. 494, 126 Pac. 45; Greene v. Williams, 13 Wash. 674, 43 Pac. 938.

Plaintiff is bound by his allegation of value in his replevin affidavit, and therefore cannot complain that the value fixed by him is inserted in the modified judgment. Capital Lumbering Co. v. Learned, 36 Or. 544, 78 Am. St. Rep. 792, 59 Pac. 454; Cyclone Steam Snowplow Co. v. Vulcan Iron Works, 3 C. C. A. 352, 10 U. S. App. 387, 52 Fed. 920; Eisman v. Whalen, 39 Ind. App. 350, 79 N. E. 514, 1072; McFadden v. Fritz, 110 Ind. 1, 10 N. E. 120; Tuck v. Moses, 58 Me. 461; Swift v. Barnes, 16 Pick. 194; Cobbey, Replevin, § 1313.

A final judgment of dismissal entitles defendant to a judgment for return of the property or for its value. Branch v. Branch, 5 Fla. 447; Terryll v. Bailey, 27 Minn. 304, 7 N. W. 261; McCrory v. Hamilton, 39 Ill. App. 490; Town v. Evans, 11 Ark. 9; Pabst Brewing Co. v. Butchart, 68 Minn. 303, 71 N. W. 273; Calloway v. McElmurray, 91 Ga. 166, 17 S. E. 103; Fleet v. Lockwood, 17 Conn. 233; Lowe v. Brigham, 3 Allen, 429; Walbridge v. Shaw, 7 Cush. 560; Thurber v. Richmond, 46 Vt. 395; Collamer v. Page, 35 Vt. 387; Van Alstine v. Kittle, 18 Wend. 524; McArthur v. Hogan, Hempst. 286, Fed. Cas. No. 8,659a; Salkold v. Skelton, Cro. Jac. 519, 79 Eng. Reprint, 443; Funk v. Israel, 5 Iowa, 438.

GRACE, J. Appeal from an order of the district court of Billings county, W. C. Crawford, Judge.

The only real question in this appeal is one involving the authority or jurisdiction of the court in making its certain order of February 4, 1916, which order set aside a certain judgment for $849.90, bearing date September 18, 1914, and otherwise modified such judgment so that it should be a judgment for the dismissal of the action, with costs of $10.75, in favor of the defendant. The judgment as modified then corresponded to a judgment entered on the 19th day of February, 1914.

A brief history of the case will clearly present the questions involved in the appeal.

The plaintiff brought an action of claim and delivery against the sheriff for the possession of certain personal property described in the

complaint, consisting of a cash register, two cigar machines, one pool table, and other paraphernalia usually found in pool rooms. The answer denied the allegations of the complaint, and also pleaded an affirmative right of possession of all such property in the sheriff by reason of the seizure thereof on September 15, 1906, by virtue of an execution issued on a judgment issued in favor of the Dickinson Mercantile Company against Frank B. Stone. The answer demanded a return of the property, or the value thereof in the sum of $600, and $100 damages for the seizure and detention of said property by the plaintiffs. The action was commenced September 22, 1908. On the 19th day of January, 1914, on motion of the defendant, the court ordered the action dismissed, and judgment of dismissal was entered dismissing such action and allowing defendant $10.75 costs. No appeal was taken from such order of dismissal, and it became a final order, and judgment of dismissal was entered. About seven months after the date of the entry of such judgment of dismissal, the defendant gave notice of and served a motion on the plaintiff to have such judgment of dismissal modified so as to include a return of the property described in the complaint, or the value thereof. The motion was supported by the affidavit of F. C. Heffron, attorney for the defendant. On August 26, 1914, the court made its order granting the motion of the defendant to modify such judgment as asked for in the motion and affidavit. The modified judgment to that effect was entered on the 18th day of September, 1914, wherein such judgment of dismissal of such action was modified so as to include a return of the property from the plaintiff to the defendant, or in the event that the property could not be returned to the defendant, then judgment in his favor for $849.90. On February 9, 1915, the plaintiff procured an order to show cause why the judgment in the action of date September 18, 1914, against the plaintiff in the sum of $849.90 should not be set aside and vacated as void, or why the said judgment should not be modified so as to be simply a dismissal of said action, and for the sum of $10.75 costs taxed by the clerk. This order to show cause was supported by the affidavit of plaintiff's attorney. It was returnable February 25, 1915. It was not heard on such date, and the hearing was continued from February 25, 1915, to June 10, 1915. On August 9, 1915, defendant's attorney served a notice on plaintiff's attorney that the defendant would treat the order

to show cause as abandoned. The order was finally heard on August 17, 1915, the attorneys for plaintiff and defendant present. The judgment was again modified to correspond to the judgment of January 19, 1914.

One of the assignments of error by the appellant is that the district court erred in assuming jurisdiction to make the order appealed from, or any part thereof. The district court in making such order modified the judgment entered September 18, 1914, wherein a judgment was rendered against the plaintiff in the sum of $849.90, which was a modification of the judgment of date January 19, 1914, dismissing the case, with costs.

When the court made its order of dismissal of the action on the 19th day of January, 1914, and judgment of dismissal was entered in pursuance of such order, and no appeal was taken from either the order or judgment of dismissal within the time prescribed by law for such appeals, the court was thereafter without jurisdiction either as to the parties or the subject-matter of such action, hence, any orders or judgment made or entered after the court had thus lost jurisdiction would be void. The order of the court in modifying the judgment entered September 18, 1914, was a void order, and the judgment entered on such order was void. The court, however, had the inherent power and authority to set such void order and judgment aside, the same having been made without jurisdiction. In making the order appealed from, the court did not exercise jurisdiction either over the parties or the subject-matter of the action, except for the purpose of setting aside and vacating its order of September 18, 1914. Courts have inherent power and authority to set aside and vacate a void order at any time so far as the parties to the action are concerned.

The order appealed from is affirmed, with costs.

ROBINSON, J. I concur in the result.

CHRISTIANSON, J. (concurring). I concur in an affirmance of the order appealed from.

Under our statute "all actions . . . commenced, . . . in any of the courts of record in this state wherein the plaintiff, . . . shall neglect for a period of five years after the commencement of said

action, to bring the same to trial and to take proceedings for the final determination thereof, are . . . deemed dismissed and abandoned . . . and the defendant . . . may apply to the court for a formal order dismissing said action." Comp. Laws 1913, § 7598.

The instant action was commenced in September, 1908. On January 8, 1914, the defendant applied for a dismissal thereof, under the provisions of the above statute. The motion was granted and judgment of dismissal entered on January 19, 1914. Thereafter on August 26, 1914, the defendant moved the court to modify the judgment of dismissal by inserting therein a provision adjudging defendant to be entitled to the return of the property seized under the claim and delivery proceedings, or the value thereof in event it could not be returned in the same condition it was when taken from the defendant. So far as the record shows, no appearance was made by the plaintiff upon the hearing of this application. The court granted the application, and the modified judgment was entered on September 18, 1914. The court's order did not attempt to determine the value of the property, but in the judgment entered by the clerk the value is fixed at $849.90. As already stated, the court did not attempt to fix the value of the property in its order, and manifestly the clerk had no authority to do so. So far as the record shows no notice of entry of the modified judgment was ever served upon the plaintiff or his counsel. On February 25, 1915, the plaintiff, pursuant to notice, moved the court that the modified judgment be vacated and set aside and the original judgment reinstated. The court granted the motion. This appeal is from the order granting the motion.

It should be borne in mind that, in his original application, defendant merely asked for a dismissal of the action. It is quite possible that he might also have been entitled to a judgment for a return of the property if he had asked for it. But he failed to do this, and there was nothing to prevent him from asking for a judgment of dismissal only. This is what he asked for, and this is what he received. He apparently was entirely satisfied with the judgment entered, until more than seven months had expired, when for some reason he asked for a modification or amendment of the judgment, so as to award him a judgment considerably more favorable than that originally applied for. Apparently the application for modification was occasioned by certain allegations

in the answer which had been interposed in an action instituted by the defendant upon the undertaking in claim and delivery. The defendant apparently assumed that the recitals in the modified judgment would be conclusive upon, and prevent any inquiry into, the right of possession and value of the property in the suit pending on the undertaking in claim and delivery. Whether defendant's theory was correct is not before us, and need not be discussed. In any event the dismissal of the action constituted a breach of the condition in the claim and delivery undertaking to prosecute the action with effect. The breach of this condition entitles plaintiff to recover the value of whatever actual interest he had in the property and whatever damages he may actually have sustained by reason of its detention. It would seem as though any legitimate rights defendant has are protected, and may be fully vindicated under this condition. If he had any actual interest he cannot be prejudiced by the order appealed from. If he had no interest it would be a manifest injustice to award him the value of the property. It seems to me that under the circumstances the trial court was entirely justified in entering the order appealed from. In any event I am satisfied that it neither exceeded its power nor abused its discretion in so doing.