## NATIONAL UNION FIRE INSURANCE COMPANY, a Corporation, Respondent, v. A. MARTIN, Appellant.

(170 N. W. 880.)

**Appeal and error — notice of entry of judgment — time limit of appeal.**

1. Proper notice of the entry of a judgment is given by the service of a copy of the findings and order for judgment, the judgment, taxation of costs, and notice of the retaxation thereof, so as to start running the statutory time within which an appeal may be made.

**Time for appeal — jurisdiction — dismissal.**

2. An appeal taken from a judgment, more than six months after notice of the entry of such judgment has been served, confers no jurisdiction in this court to consider the same except for purposes of dismissal.

Appeal from District Court of Rolette County, *Buttz, J.*

Action upon a policy of fire insurance; appeal from judgment rendered against the defendant; motion to dismiss the appeal by respondent.

Motion granted; appeal dismissed.

*Flynn & Traynor,* for appellant.

Unless notice of entry of judgment is served upon the proper parties the statute does not run against the time for appeal. Comp. Laws 1913, § 7678; Prescott v. Brooks, 11 N. D. 93; First Nat. Bank v. McCarthy (S. D.) 83 N. W. 423; Mallory v. See (Cal.) 61 Pac. 1123; Clark Imp. Co. v. Wadden (S. D.) 136 N. W. 111.

*Fred E. Harris,* for respondent.

If no appeal is taken within six months after notice of entry of judgment, court loses jurisdiction both of the person and of the subject-matter of the action. Comp. Laws 1913, § 7820; Keogh v. Snow (N. D.) 83 N. W. 864; Barnett v. Will (N. D.) 166 N. W. 511.

Actual notice of the entry of judgment is sufficient. Brooks v. Bigelow (S. D.) 68 N. W. 286; Braeley v. Marks (Wash.) 43 Pac. 27.

Even when both parties have asked for a directed verdict, and the court takes the case away from the jury, it will still be vested as a case triable by jury on appeal. Comp. Laws 1913, § 7846; Laffay v. Gordon, 15 N. D. 282, 107 N. W. 969; Blakemore v. Cooper, 15 N. D. 5, 106 N. W. 566; Barnum v. Gorham Land Co. 13 N. D. 359, 100 N. W. 1079; American Case & Register Co. v. Boyd, 22 N. D.

166, 133 N. W. 65; First M. E. Church v. Gadden, 8 N. D. 162, 77 N. W. 615; Stanford v. McGill, 6 N. D. 536, 72 N. W. 938.

In the absence of any statutory provisions, or provisions in the charter of a corporation, limiting the method by which a company may bind itself by contract, an oral or parol contract of insurance is valid. Brown v. Franklin Mut. F. Ins. Co. (Mass.) 43 N. E. 512; Baker v. Westchester F. Ins. Co. (Mass.) 38 N. E. 1124; 19 Cyc. 600; Goodhue v. Hartford F. Ins. Co. (Mass.) 55 N. E. 1039; Insurance Co. of N. A. v. Bird (Ill.) 51 N. E. 686; Firemen's Ins. Co. v. Kuessner (Ill.) 45 N. E. 540; Stoehlke v. Hahn (Ill.) 42 N. E. 150; Sanford v. Orient Ins. Co. (Mass.) 54 N. E. 883; Newark Mach. Co. v. Kenton Ins. Co. (Ohio) 35 N. E. 1050; Phoenix Ins. Co. v. Ireland (Kan.) 58 Pac. 1024; Hardwick v. State Ins. Co. (Or.) 26 Pac. 840; Stehlick v. Mechanics Ins. Co. (Wis.) 58 N. W. 379; Revere F. Ins. Co. v. Chamberlain, 18 N. W. 338; Zell v. Herman F. Ins. Co. (Wis.) 44 N. W. 828; King v. Hekla F. Ins. Co. 14 N. W. 297; Salisbury v. Hekla F. Ins. Co. (Minn.) 21 N. W. 552; Dibble v. Northern Assur. Co. (Mich.) 37 N. W. 704; Campbell v. American F. Ins. Co. (Wis.) 40 N. W. 661.

BRONSON, J.   This is an appeal from a judgment in the district court of Rolette county rendered June 28, 1917, against the defendant for $624.95.

Thereafter on March 12, 1918, the trial court made an order reducing such judgment in the sum of $140.40, permitting the balance of the judgment to stand and the lien thereof as of June 28, 1917.

The appeal herein was made on the 17th day of June, 1918.

The respondent has made a motion to dismiss the appeal for lack of jurisdiction, through failure to appeal within the statutory time prescribed.

On June 28, 1917, the attorney for the respondent mailed to the appellant a copy of the findings of fact, conclusions of law, order for judgment, the judgment, statement of judgment and costs, and notice of retaxation of costs; and in response the attorney for respondent received from the appellant on July 2, 1917, a letter referring to the findings of fact and conclusions by which judgment was awarded against him, and stating that he intended to appeal such case.

The appellant contends that no written notice was given of the entry

of such judgment as required by §§ 7678 and 7820, Compiled Laws 1913.

The simple questions involved are: (1) Was proper notice given of the entry of such judgment so as to put in operation the statutory provisions concerning the time in which an appeal must be made? (2) Was the appeal herein made within six months after such notice was served?

In the case of Keogh v. Snow, 9 N. D. 458, 83 N. W. 864, this court held that an order denying a motion to vacate a judgment, served upon the appellant by copy, constituted written notice of the order.

Upon the same reasoning, the service of a true and correct copy of the judgment entered and the other papers above enumerated is a compliance with the requirements of §§ 7678 and 7820, Compiled Laws 1913.

The judgment as modified dated from June 28, 1917, in accordance with the specific order of the trial court.

The statute which limits the time for an appeal is mandatory and jurisdictional. Stierlen v. Stierlen, 8 N. D. 297, 78 N. W. 990.

The appeal, therefore, was taken too late to confer any jurisdiction upon this court to consider the same, except for purposes of dismissal. Barnett v. Will, 39 N. D. 51, 166 N. W. 511; Comp. Laws 1913, § 7820.

The appeal is dismissed, with costs to appellant.