PEOPLE'S STATE BANK OF ANETA, a Corporation, Appellant,
. v. M. S. LEE and Emma B. Lee, Respondents.

(212 N. W. 439.)

**Appeal — must be taken within six months.**

> 1. An appeal from a judgment must be taken within six months from the date of the notice of the entry thereof.

**Appeal and error — jury in advisory capacity — cause not triable anew in supreme court.**

> 2. Where a jury is called to sit in an advisory capacity in an equitable action, the cause is not triable anew in this court on appeal from the judgment, under § 7846, Supplement to the 1913 Compiled Laws.

Opinion filed February 10, 1927.

Appeal and Error, 3 C. J. § 1061 p. 1060 n. 58; 4 C. J. § 2649 p. 727 n. 27 New.

Appeal from the District Court of Nelson County, *Cole,* J.
Dismissed.

*E. G. Larson* and *Lauder & Lauder,* for appellant.

"The burden of proof to show payment rests upon the defendant who in his answer to the complaint for a liquidated demand confesses the cause of action and pleads payment." Lokken v. Miller, 9 N. D. 512. See also Star Wagon Co. v. Mathiessen, 3 Dak. 233; Satterlund v. Beal, 12 N. D. 122; Olson v. Day, 23 S. D. 150, 120 N. W. 883; 21 R. C. L. ¶¶ 131 et seq. p. 119.

An instrument in form of a deed may be proved by parol testimony to have been executed, received and intended by the parties to be a mortgage. Jasper v. Hazen, 4 N. D. 1; O'Neill v. Murray, 6 Dak. 106; Meyer v. Davenport Elevator Co. 12 S. D. 172; Adams v. McIntyre, 22 N. D. 337.

"To support a finding that a deed absolute on its face was intended as a mortgage only, the evidence must be clear, convincing and satisfactory and of such a character as will leave in the mind of the

Annotation.—(1) As to time within which appeal must be taken, see 2 R. .C.L. 104; 1 R. C. L. Supp. 398; 4 R. C. L. Supp. 81; 6 R. C. L. Supp. 67.

chancellor no hesitation or substantial doubt." Jasper v. Hazen, 4 N. D. 1.

Our code provides in explicit terms that actions in equity shall be tried by the court, and should the court in an action that was purely equitable impanel a jury for the trial of the case, and the jury returned a verdict, such verdict would be absolutely void. See Peckman v. Van Bergen, 8 N. D. 595.

"The claim that verdict is without support in the evidence cannot be maintained when the explicit and consistent testimony of one witness sustains it, even though a number of witnesses may explicitly testify to the contrary." Taylor v. Jones, 3 N. D. 235; Clemens v. Royal Neighbors, 14 N. D. 116; Hall v. N. P. R. Co. 16 N. D. 60.

"The appellate court will not review the evidence, in a case tried to a jury, with a view of determining its weight, but simply to ascertain whether or not there is sufficient legal evidence, assuming it to be uncontradicted, to support the jury's verdict." Unzelmann v. Shelton, 19 S. D. 389.

"Special findings by a jury in an equitable action are advisory merely." Miles v. Lee, 31 S. D. 234.

*Frich, Roberts & Burke* and *Divet, Shure, Holt, Frame, Murphy & Thorpe,* for respondents.

"The evidence must be such as to render a different result probable on a retrial. This is a consequence of the provision that the cause for which a new trial may be granted must be one materially affecting the substantial rights of the parties. If there is no probability that the new evidence would change the results, its absence cannot be said to have materially affected the substantial rights of the parties." Braithwaite v. Aiken, 2 N. D. 57; State v. Cray, 153 N. W. 245.

"The applicant for a new trial on the grounds of newly discovered evidence must have used ordinary diligence to discover and produce the evidence at the first trial." 29 Cyc. 886.

BURKE, J. This is an action to foreclose a mortgage. When the case was called for trial, a jury was called to act in any advisory capacity, and returned a verdict for the defendants, which verdict was approved by the court, in findings of fact, and conclusions of law, and judgment was duly entered thereon.

Thereafter the plaintiff upon notice, moved the court for an order permitting plaintiff to open the case for the purpose of introducing in evidence an affidavit by the defendant, and at the same time moved the court to set aside the judgment entered in said action, and to make findings of fact and conclusion of law in accordance with findings of fact, and conclusion of law, prepared by the plaintiff and submitted to the court with the motion. The motions were denied by the court and plaintiff appeals from the judgment and from the order denying plaintiff's motion to vacate the judgment to open the case and admit the affidavit of the defendant, and asks for a trial de novo.

The first question arises over defendant's motion to dismiss the appeal. First, to dismiss the appeal from judgment for the reason that said judgment was entered December 3, 1924, notice of entry thereof was given December 4, 1924, and the appeal was not taken until the first of November 1925, eleven months after the notice of entry of judgment. The appeal from the judgment was not taken within six months from the date of giving notice of the entry of said judgment, the statutory time, and therefore the defendant's motion to dismiss the appeal from the judgment must be granted. King v. Hanson, 13 N. D. 85, 99 N. W. 1085; Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higging v. Rued, 30 N. D. 551, 153 N. W. 389; National Union F. Ins. Co. v. Martin, 41 N. D. 393, 170 N. W. 880. Second, it is the contention of the defendants that the appeal from the order should be dismissed for the reason, that the order is not appealable, and second for the reason, that the case was not tried to the court without a jury, and there are no specifications of error as required in cases triable to a jury.

It is the settled law in this state, that when a jury is called to sit even in an advisory capacity in an equitable action, that such trial is not a trial without a jury, and that in such case the parties are not entitled on appeal for a trial de novo, and since there are no assignments of error and the court cannot try the case de novo it follows that the appeal must be dismissed. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURR, JJ., concur.