ERMINE KILBY, Stockholder of the Movius Land & Loan Company, a Corporation, Suing in Behalf of Herself and All Other Stockholders Who May Come in and Contribute to the Expenses of this Action and Be Made Parties Hereto, Respondent, v. THE MOVIUS LAND & LOAN COMPANY, a Corporation, A. L. Parsons, as Receiver of the Movius Land & Loan Company, A. L. Parsons, J. H. Movius, M. O. Movius, M. O. Movius, Executrix of the Estate of E. A. Movius, deceased, W. R. Movius, C. E. Movius, M. M. Chezik, Paul Schultze, William Schultze, J. B. Wagner and J. Meyer Johnson, Appellants.

(219 N. W. 948.)

Opinion filed June 1, 1928.  Rehearing denied July 3, 1928.

*Purcell & Heder,* for appellants.

*M. A. Hildreth,* for respondent.

BIRDZELL, J. This is a sequel to Kilby v. Movius Land & Loan Co. reported in 55 N. D. 830, 215 N. W. 284. The controversy here, as well as in that appeal, was over a judgment allowing $500 attorney fees in favor of the plaintiff, who as a stockholder had brought the action for the benefit of the corporation. Upon the former appeal this court construed the judgment for such attorney fees to be one against the individual defendants but not against the corporation itself, nor against A. L. Parsons, as receiver of the corporation. It modified the judgment by striking out that part which decreed that the individual defendants pay attorney fees to the extent of $500. Thereafter a motion was made in the trial court to modify the judgment so as to permit recovery against the Movius Land & Loan Company and A. L. Parsons, as receiver of the corporation, of the fees in question. The motion was granted and the judgment modified accordingly. The receiver appeals. The contention that the court erred in modifying the judgment is grounded upon the supposition that the judgment, in so far as it affected Parsons, as receiver, and the corporation, had become final prior to the making of the motion to amend it. It is pointed out that the judgment was entered December 18, 1926, and that it became final six months thereafter (June 18, 1927); or, in any event, that it became final, in so far as it affected the receiver and the corporation, when a rehearing was denied upon the former appeal on October 13, 1927.

It is elementary that the appellant must present a record showing error. This has not been done in this case. The record does not show that the judgment had become final as between this respondent and the appellant. The record here shows that the former appeal was taken by the individual defendants only, and it further shows that they were solely interested in having the judgment so modified that they would not be personally held for the fees allowed. They were successful. The interests of the defendants are several, not joint. The judgment, as construed by this court, was in favor of the corporation and the receiver upon this item and there was neither an appeal by the receiver, nor a cross appeal by the plaintiff. This record does not show that that phase of the decree was ever considered by this court, nor does it show that the action had ceased to be pending as between the plaintiff, who is the present respondent, and the appellant, nor that the time for appeal had expired when the motion was made. Comp. Laws 1913, §§

7820 and 7966. It does not appear that the appellant served upon the respondent any notice of the entry of judgment, and this is necessary in order to start the limitation running upon the appeal. Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129. For aught that appears in this record, had the trial court denied the motion to amend the judgment, the plaintiff might have appealed from the judgment as originally entered and had the question of her right to be awarded attorney fees against the corporation considered by this court.

The judgment is affirmed.

NUESSLE, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.