FIRST NATIONAL BANK OF RYDER, NORTH DAKOTA, a Corporation, Respondent, v. PETER BENSON, Ella Benson and Ole Larson, Administrator of the Estate of L. P. Larson, Deceased, Defendants. ELLA BENSON, Appellant.

(220 N. W. 645.)

Opinion filed July 26, 1928.

*Lemke & Weaver,* for appellant.

*Dickinson & Johnson,* for respondent.

NUESSLE, Ch. J. This action was brought to foreclose a real estate mortgage. The defendant Peter Benson defaulted. The defendant Ella Benson, answering, set up that she was the wife of her codefendant Peter Benson; that the mortgage in question included the homestead property on which they resided; that she had never. executed such mortgage; that if she did execute it her signature was procured through fraud; that there was no consideration for her execution of the mortgage and that as to the homestead the same was void.

It appears that in 1919, the defendant, Peter Benson, was the owner of the mortgaged premises which comprised some 580 acres. He was desirous of securing a Federal loan on the same in the sum of $8,000. He was indebted on various obligations secured by mortgages and liens against one part or another of the premises, including the family homestead on which he and Ella Benson resided. Some of these mortgages, among them one on the homestead, were executed by both Peter and Ella Benson. The plaintiff, First National Bank of Ryder, acted as the agent of the borrowers in securing the Federal loan. This bank

held some of the mortgages outstanding against the property. Peter Benson also owed it on account of some unsecured claims. The bank procured a release of all the mortgages and liens against the property thus clearing the title, and the Federal loan was put through, but the proceeds were not sufficient to wholly reimburse the plaintiff for the amount required to satisfy the mortgages and liens and to pay the unsecured obligations. Accordingly a note and second mortgage for $1,800 covering the whole property were prepared and Peter Benson executed both. It is the claim of the plaintiff that Ella Benson also executed the mortgage, which purports to carry her signature. Default was made in payment of the obligation secured thereby and plaintiff began the instant action to foreclose. The cause was tried to the court with a jury who returned an advisory verdict. Two questions were submitted to the jury: First, as to whether Ella Benson signed the mortgage. This question the jury answered in the affirmative. Second, as to whether she signed it at the same time Peter Benson signed it. As to this question the jury disagreed. The jury were thereupon discharged and the court made findings of fact and conclusions of law favorable to the plaintiff and judgment of foreclosure was entered accordingly. From this judgment the defendant Ella Benson appeals and demands a trial de novo in this court.

The findings of fact as made by the court, so far as are material to this appeal, are as follows:

"That in July, 1919, the defendants Peter Benson and Ella Benson, negotiated through the plaintiff, The First National Bank of Ryder, North Dakota, a Federal loan in the sum of $8,000, which loan was negotiated and placed upon all of the lands described in the complaint, to wit: (Description of lands.)

"That in negotiating the said loan, the said bank took up and paid off various and sundry mortgages upon the said tracts of land and did everything necessary to complete the said loan. That the amount of the loan thus secured was not sufficient to pay off all the incumbrances and expenses incurred in negotiating the same, and the balance of said indebtedness was carried in the said bank from time to time, and finally, on the 1st day of November, 1920, it was renewed together with other indebtedness of the defendant, Peter Benson, into a promissory

note of $1,800, due November 1st, 1921, with interest at the rate of ten per cent per annum.

"That to secure said note the defendants, Peter Benson and Ella Benson, his wife, made, executed and delivered to the said payee their certain real estate mortgage in writing, upon the real estate of which they were then and there the owners and in possession of, and which is situated in Ward county, North Dakota, and is known and described as follows to wit: (Description of the lands covered by the mortgage.)"

The appellant, Ella Benson, first challenges the finding of the jury adopted by the trial court, that her purported signature to the mortgage was genuine. She next contends that the jury failed to pass on the question as to whether she executed the mortgage simultaneously with Peter Benson and that the court made no finding as to this issue; and lastly, that the question of fraud was not submitted to or considered and determined by the jury, and that the trial court failed to find on the question of fraud; that, therefore, the findings of the court are not responsive to the issues as framed by her answer; that she was entitled to have a determination as to these matters and so she is at least entitled to a new trial. With respect to the matter of the execution of the mortgage by her she contends that even though she did sign the same, there was no consideration for her signature since it does not appear that she signed the same when Peter Benson executed the mortgage, and that it affirmatively appears that the whole transaction was completed before she executed such mortgage.

Putting on one side the question of the propriety of the appellant's appeal and demand for trial de novo, which is challenged by the respondent on the ground that the case was tried to a jury and an advisory verdict returned and therefore a trial de novo cannot now be had in this court (see Peckham v. VanBergen, 8 N. D. 595, 80 N. W. 760; Spencer v. Beiseker, 15 N. D. 140, 107 N. W. 189; People's State Bank v. Lee, 55 N. D. 42, 212 N. W. 439), and, considering the evidence as the same is presented in the record, it seems to us that such evidence is sufficient to sustain both the verdict of the jury and the findings of the court. It is true that both Ella Benson and Peter Benson testify that she did not sign the mortgage. But the mortgage purports to bear her signature. The subscribing witnesses to the mortgage—one of whom was the notary who took the acknowl-

edgment—both testify positively that she did execute the mortgage at the same time that Peter Benson executed it. Likewise a handwriting expert testified that the purported signature of Ella Benson to the instrument was her signature. So it is clear that there is no ground for disturbing this finding.

The homestead of the defendants was included in the property covered by the mortgage. As to this homestead the mortgage was void unless there was consideration for its execution by the defendant Ella Benson. Concededly the mortgage was executed by Peter Benson to secure an extension and renewal of his obligations. If as a part of the same transaction Ella Benson executed the mortgage, then the renewal and extension of the Peter Benson obligations was sufficient consideration for Ella Benson's signature. See First Nat. Bank v. Lamont, 5 N. D. 393, 67 N. W. 145. Thus it became necessary to pass upon the issue of lack of consideration raised by her answer and determine whether she and Peter Benson executed the mortgage as a part of the same transaction. She contends that the jury failed to find on this material issue and that the court likewise made no finding on it. It seems to us, however, that though the jury disagreed as to the matter, the court's finding quoted above is responsive and sufficient. The court found that on the 1st day of November, 1920, Peter Benson's indebtedness "was renewed together with other indebtedness . . . into a promissory note of $1,800, due November 1st, 1921. . . ." The court further found that Peter Benson and Ella Benson executed and delivered the mortgage in question to secure such note. While the court's finding does not specifically recite that Ella Benson executed the mortgage when Peter Benson did, yet it seems to us that the only inference that can be drawn from the finding is that she did do so and that it was so executed as a part of the renewal transaction. It further seems to us that the evidence sustains this finding. If the mortgage was executed by Ella Benson as a part of the renewal transaction, it is immaterial whether she executed it simultaneously with Peter Benson or not. It was not necessary to the validity of the mortgage that both she and Peter sign at the same moment. It was only necessary that they both execute it as a part of the renewal transaction. Now the mortgage was recorded within a few days after November 1st, and at the time of its recordation it bore Ella Benson's signa-

ture. The testimony of the subscribing witnesses is direct and positive as to the transaction; the testimony of the defendants is equivocal and uncertain. The circumstances upon which they rely as confirming and corroborating their version of the matter are not such as to warrant us in finding with them.

Lastly, the defendant contends that the issue of fraud in obtaining her signature was raised by her answer, but that this issue was not submitted to the jury and the court made no finding thereon. The issue was raised by the pleadings but there was little evidence to sustain it. It is argued in defendant's behalf that she must have executed the mortgage believing it to be a deed to certain lots for which she executed a conveyance. However, the mortgage was executed by her prior to the date of its recordation in early November, 1920, while according to her own testimony, she executed the deed to the lots in question some time in 1921 or 1922. Thus there is no basis in the record for the theory that she executed the mortgage under the belief that she was signing some other conveyance. Her case in this regard rests upon her denial of its execution. While the trial court did not make a specific finding that there was no fraud, it did find that the mortgage was executed and delivered by the defendant. Under the circumstances this was sufficient. The judgment must be affirmed.

CHRISTIANSON, BURR, BURKE, and BIRDZELL, JJ., concur.