**Tony GUNSCH, Plaintiff and Appellant,**

·v.

**Reinhold BOEHLER, Defendant and Respondent.**

**No. 7708.**

Supreme Court of North Dakota.

Nov. 4, 1957.

Rehearing Denied Nov. 27, 1957.

Tony Gunsch, Bismarck, in pro. per.

J. F. X. Conmy, Bismarck, for respondent.

JOHNSON, Judge.

This is an action for alienation of affections. Defendant answered denying the allegations of the complaint and pleads a counterclaim. In view of our disposition of this case, it is unnecessary to present a summary of the issues pleaded.

This case was tried to a jury in Mercer County, North Dakota. On October 26, 1956, the jury rendered a verdict for the dismissal of the action. The plaintiff at the trial was represented by an attorney. On October 29, 1956, the plaintiff, acting as his own attorney, before entry of judgment, served a notice of motion together with an affidavit thereto attached, requesting an order granting a new trial and a change of venue. On November 13, 1956, the district court denied the motion for a new trial and for change of venue. Judgment was entered upon the verdict of dismissal on October 31, 1956. Thereafter, the plaintiff, apparently still acting as his own attorney, in May 1957, made a second motion for a new trial. This motion was heard by the court on May 24, 1957. The plaintiff appeared in person and the defendant by his attorney. The trial court states in the order denying the motion for a new trial:

"The court * * * having determined that a prior motion for New Trial had been made herein within the

statutory period and that an Order had been made denying said Motion for New Trial and that no appeal had been taken therefrom and that, therefore, the Judgment has become final and that this court has lost jurisdiction thereof; and the court being further of the opinion that in all events no proper cause for new trial has been shown;"

On May 25, 1957, the plaintiff, still acting as his own attorney appealed from the second order of the district court of May 24, 1957, denying a new trial.

It will serve no useful purpose to point out the failure of the plaintiff to comply with the statutory requirements with reference to the presentation of a motion for a new trial and the procedure outlined in the statutes for the taking of an appeal to this court. Suffice it to say several such failures appear on the face of the record. No appeal was taken from the first order denying a new trial. By the time the second motion was made both the judgment and the first order denying motion for a new trial had become final. An appeal from a judgment may be taken within six months of the entry thereof by default or after written notice of entry thereof, and in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing. Section 28–2704, NDRC 1943.

■■ It is elementary that jurisdiction of the subject matter cannot be conferred by agreement of the parties. Since the judgment and the first order denying motion for a new trial had become final, the trial court had lost jurisdiction of the action. It did not again acquire jurisdiction thereof by the presentation of a second motion for a new trial.

■ The right of appeal is purely statutory. Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488; Zenker v. Winder, N.D., 68 N.W.2d 671. The judgment and

the first order denying a motion for a new trial having become final, there is really nothing before us. The second order denying a motion for a new trial, after the trial court had lost jurisdiction of the action, was a mere nullity and an attempted appeal therefrom presents nothing for our review.

The appeal is dismissed.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ., concur.