Tony GUNSCH, Plaintiff and Appellant,

v.

Reinhold BOEHLER, Defendant and Respondent.

No. 7756.

Supreme Court of North Dakota.

July 22, 1958.

Rehearing Denied Aug. 16, 1958.

Tony Gunsch in pro. per.

J. F. X. Conmy, Bismarck, for respondent.

JOHNSON, Judge.

This is another appeal of the case that was before this court in Gunsch v. Boehler, N.D., 85 N.W.2d 876. The plaintiff, acting as his own attorney, appeals from the judgment of dismissal of this action, entered and docketed in Mercer County, North Dakota, on October 31, 1956. Notice of appeal in the present appeal was served and filed on January 31, 1958.

Respondent made a motion in this court to dismiss the appeal upon several grounds, only one of which we need take notice, as it determines the issue on the motion. It is apparent that unless no notice of entry of judgment was served upon the appellant or his attorney in this case, this appeal was not taken within the time required by Section 28–2704 NDRC 1943.

The primary issue on the motion to dismiss this appeal is based upon the alleged failure to serve a notice of entry of judgment in this action. The appellant contends that he was never served with notice of entry of judgment, and that therefore, the rule announced in Prescott v. Brooks, 11 N.D. 93, 90 N.W. 129 and Kilby v. Movius Land & Loan Co., 57 N.D. 14, 219 N.W. 948, is applicable, and that the appeal taken from the judgment is timely.

An appeal from a judgment more than six months after notice of the entry of such judgment has been served confers no jurisdiction on the supreme court to consider it, except for the purpose of dismissal. National Union Fire Ins. Co. v. Martin, 41 N.D. 393, 170 N.W. 880; Barnett v. Will, 39 N.D. 51, 166 N.W. 511; Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990; Embden State Bank v. Schulze, 49 N. D. 777, 193 N.W. 481. The statute which provides for the time within which an appeal to this court may be taken is mandatory and jurisdictional. Stierlen v. Stierlen, supra; Barnett v. Will, supra.

The appellant contends that the notice of entry of judgment was never served in this case, and his attorney at the time of the trial in the district court, has given an affidavit in support of that contention. However, the trial court found that it had lost jurisdiction and that the judgment and the first order denying a new trial had become final. Gunsch v. Boehler, N.D., 85 N.W.2d 876. That the appellant had knowledge of the entry of judgment is apparent for in his notice of appeal to this court in Gunsch v. Boehler, supra, dated May 25, 1957, he states:

"That the above named Tony Gunsch appeals to the Supreme Court of the State of North Dakota from an order of said District Court entered herein on the 24th day of May, 1957 *refusing to re-open the judgment in said action* * * *." (Emphasis supplied.)

So the plaintiff has had notice of the judgment since May 25, 1957. Furthermore, the record shows that notice of entry of judgment was sent to the plaintiff's attorney of record at Fargo, North Dakota,.

for admission of service, but that he did not return it and that later the attorney for the respondent made an affidavit of service to show that entry of judgment had been served, in which he stated:

"* * * thereafter and on the 31st day of October, 1956 judgment was entered in said action in favor of the Defendant for a dismissal of said action which judgment was entered pursuant to the Order of the Court and based upon the verdict of the jury; that thereafter and on the 31st day of October, 1956 the original and a copy of Notice of Entry of Judgment together with a copy of the Judgment entered was served upon William Heller by mail addressed to the said William Heller, Attorney at Law, in Fargo, North Dakota, and that the same was duly deposited in the United States mail at Bismarck, North Dakota, so addressed in an envelope with postage prepaid; that said letter was never returned but that the said William Heller failed to admit service upon the original document and failed to return the same. * * *"

Attached to the affidavit is a copy of a notice of entry of judgment by the respondent's attorney referring to the judgment in this action, dated October 31, 1956. Appended to the notice and below it is a typed admission of service for the signature of the plaintiff's attorney.

Service by mail is authorized by Section 28–2812 NDRC 1943. The affidavit of the respondent's attorney shows that the service made came within the terms of Section 28–2813 NDRC 1943. When a party shall have an attorney in an action, service of papers shall be made on the attorney instead of the party. Section 28–2814 NDRC 1943. At the time of the entry of judgment in this action Mr. Heller was still plaintiff's attorney of record. There was nothing to indicate that he had withdrawn his appearance or that he was no longer acting as plaintiff's attorney.

The trial court's determination as disclosed by its order dated June 3, 1957, that the judgment had become final and that the court had lost jurisdiction is fully supported by the record and its ruling was correct. Gunsch v. Boehler, N.D., 85 N.W. 2d 876.

We have no jurisdiction to entertain this appeal. The appeal, therefore, must be dismissed. But in view of the fact that the plaintiff has conducted his own appeal, and is not learned in the law, and may not understand that the statute governing the time within which a notice of appeal to this court must be served and filed is binding upon us, we have carefully examined the evidence in this case and the record forwarded on this appeal, and from that examination are satisfied that the evidence disclosed by the transcript would not support any other verdict than the one rendered, and that no reversible error occurred during the trial; that a consideration of the merits of the case on this appeal would be of no avail to the appellant.

The appeal is dismissed.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ.